UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Provided to Suwannee
Correctional Institution on:

JUL 0 5 2023

for mailing, by:
_____

DEVON CURRIE, DC#A51859
   *Plaintiff,*

v.

SERGEANT MCKINNEY
JANE DOE
   *Defendant(s).*
Sued in Individual Capacity    /

Civil Action No.: 5:23-CV-00183-TKW-MJF

Jury Trial Requested
Yes √   No

## Civil Rights Complaint for *Pro Se Prisoner* Litigants in Actions Under 28 U.S.C. §1331 or 1346 or 42 U.S.C. §1983

FILED USDC FLND TL
JUL 10 '23 PM 3:18

1

## I. PARTIES OF THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Devon Currie, ID Number: A51859

Current Institution: Suwannee Correctional Institution
5964 U.S Highway 90
Live Oak, FL 32060

### B. Defendant(s)

1. Defendant's name: McKinney
   Official position: Sergeant
   Employed at: Apallachee Correctional Institution
   Mailing Address: 35 Apallachee Drive, Sneads, FL 32460
Sued in Individual Capacity

2. Defendant's name: Jane Doe
   Official position: Officer
   Employed at: Apallachee Correctional Institution
   Mailing Address: 35 Apallachee Drive, Sneads, FL 32460
Sued in Individual Capacity

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. §1331 OR §1346

This is an action for damages under 42 U.S.C. §1983. The Court has jurisdiction under 28 U.S.C. §1331 and §1334 State/Local officials (§1983 case).

## III. PRISONER STATUS

Convicted State prisoner

## IV. STATEMENT OF FACTS

1. On July 20, 2023 at approximately 10:20 p.m., Sergeant McKinney and Officer Jane Doe was assigned to Apallachee Correctional Institution.

2. Overlooking P-dorm (open bay) preparing for Master Roster Count (final count).

3. During this time, Currie (Plaintiff) was inside P(2)'s sink area brushing his teeth.
4. When 3 gang members approached Plaintiff and viciously attacked and beat him badly.
5. Using weapons (wooden brooms and mop handles).
6. All this occurred in direct view (in front) of the Officer Station.
7. While Sergeant McKinney and Officer Jane Doe was aware of the incident but did nothing to stop, defuse, or control the altercation.
8. After this attack, Currie (Plaintiff) stumbles out of the sink area covered with blood, ripped clothes, and no shoes on.
9. The entire dorm, including Sergeant McKinney and Officer Jane Doe watched the assault but did nothing to protect (Plaintiff) Currie.
10. Plaintiff was then threatened by these same gang members and a few more of their gang brothers.
11. That he and the rest of the homosexuals (LGBTQ) in the quad had to pack their property and get off the compound.
12. While packing his (Plaintiff's) property, it happened to be in between Master Roster Count.
13. The dorm was very loud and rowdy due to this attack that just occurred.
14. And also due to the open threat that has now occurred.
15. After this incident, Jane Doe comes out of the booth and announces "Master Roster Count".
16. (Please note: Master Roster Count is the last count of the day when all inmates must be quietly seated on their bunks with their I.D. out.
17. So the officer can compare the I.D. with the person(s) face, and the face with the Mater Roster sheet that's in the officers hand.
18. To make sure that you are the person that belongs on that specific bunk.)
19. Jane Doe could clearly see and hear rukus from the inmates.

20. From the previous incidents, many people had their shoes on and refused to be seated on their bunks. Due to the assault and open threats.
21. Jane Doe purposely ignored the signs that blantly disrespected count.
22. Jane Doe simply continued to do count while Sergeant McKinney sat from the booth and watched and heard the whole scene as well.
23. Ignoring the tension clearly felt.
24. As Jane Doe approaches Plaintiff's bunk, Currie tries his hardest to reason with Jane Doe.
25. Knowing from experience, it is very hard to sign into Protective Custody at Apallachee Correctional Institution.
26. Knowing this, Plaintiff still pleads with Jane Doe by telling her that he needed help and wanted to sign into Protective Custody.
27. Jane Doe then looked at (Plaintiff) Currie, smacks her lips, and says "I (she) ain't doing no paperwork".
28. She could clearly see Plaintiff's bloody face, torn clothes, and property packed.
29. (Once again, this is Master Roster), I say this to say though the Plaintiff tried telling her that he needed help.
30. Though he said this, she could clearly see that his face was bloody and clothes were ripped and his property was packed.
31. She completely disregards all the above and walks off the floor.
32. When one of the gang members yells out, "Ya'll faggots gotta get up outta here".
33. (Please note: The Officer Station is directly on the floor with us, and you can clearly hear loud outburst from the floor to the booth.)
34. Once this second threat is made, two other inmates by the name Charles Gaddis, DC#127714 and Brandon Williams, DC#130662 (also LGBTQ) tries to defuse the situation.

35. But we were all instantly attacked and repeatedly stabbed by 6+ gang members. We (Gaddis, Williams, and Plaintiff) had to grievously fight for our lives.

36. Gaddis, DC#127714 was stabbed in the face and was rushed to the Emergency Room needing 142 stitches in the face.

37. Williams, DC#130662 was stabbed twice in the back (trying to get away).

38. Currie (Plaintiff) was stabbed a total of 6 times.

39. Neck, chest, both shoulders, side and another stab wound which punctured Plaintiffs left lung.

40. All this went on for approximately 20 minutes or more.

41. By the time help finally came, Currie (Plaintiff) had already bled out and was unconscious and non-responsive.

42. Currie was then placed on the gurney and rushed to medical.

43. When Currie (Plaintiff) woke up, there were many nurses and officers standing over him applying pressure to all his stab wounds to stop the bleeding.

44. While Currie kept going in and out of conscious.

45. Due to Plaintiff constantly telling the nurses and officers that he couldn't breath.

46. It was quickly found out that Plaintiff had been stabbed in the left lung and was drowning (from the inside) on his own blood.

47. Plaintiff Currie was then rushed to Tallahassee Memorial Hospital.

48. Where surgery was mandatory.

49. Which is also where Plaintiff was informed by the doctor that he died two times on the operating table and was very lucky to be alive.

50. Plaintiff was then told he would be staying in the hospital until all the blood was drained from his lung.

51. Which took approximately 5 days.

52. Upon Plaintiffs return from the hospital, Plaintiff discovered that Sergeant

McKinney and Officer Jane Doe watched both attacks.

53. But they didn't think it would escalate to inmates being stabbed.

54. (Though Plaintiff was well aware of this fact, the dorm as a whole witnessed this as well.)

55. The first attack, being when Plaintiff Currie was blind sidedly attacked with weapons while brushing his teeth in the sink area.

56. And the second incident, where 3 inmates (Gaddis, Williams, and Plaintiff Currie) was repeatedly stabbed.

57. Motivated by a Hate Crime (because we were LGBTQ).

58. This could have been avoided.

59. If Sergeant McKinney and Officer Jane Doe had called for help during the first attack or came and controlled the scene.

60. Anything but disregard the matter.

61. But yet, Sergeant McKinney or Jane Doe did nothing.

62. Even during Count Jane Doe seen that Plaintiff was badly injured and his clothes were ripped off and face was bleeding.

63. But still, Jane Doe avoided the entire issue even though Plaintiff pleaded and said he needed help and wanted to sign into Protective Custody.

64. Sergeant McKinney and Jane Doe's actions lead to 3 inmates being seriously injured.

65. To the point of needing emergency medical attention.

66. One of which was Currie (Plaintiff), who suffered a near death experience.

## V. STATEMENT OF CLAIMS

Defendants Sergeant McKinney and Jane Doe violated Plaintiff Curries rights under the 8th Amendment of the Constitution, that caused Plaintiff pain and suffering and physical injury.

Defendants Sergeant McKinney and Jane Doe showed deliberate indifference by

failing to protect and respond reasonably when Plaintiff was attacked the 1st time by 3 inmates. Defendants knew Plaintiff was at substantial risk when Plaintiff asked to sign into Protective Custody but failed to reasonably respond by saying "I'm not doing no paperwork." By leaving Plaintiff exposed to serious harm, that denial of a basic need, caused Plaintiff injury.

As a direct result of the wrongful act stated above, Plaintiff suffered a near death experience where emergency surgery was mandatory with a 5 day stay in Tallahassee Memorial Hospital. Plaintiff still suffers physical neck and chest pains, shortness of breath, low energy, nausea, migraines, light headedness, nightmares, humiliation, traumatized, and fear of inmates and officers.

## VI. RELIEF REQUESTED

1. Plaintiff seeks compensatory damages against each Defendant sued individually in the amount of $100,000.
2. Plaintiff also seeks punitive damages against each Defendant sued individually in the amount of $100,000.
3. Plaintiff costs in this suit.
4. A trial by Jury on all issues so triable, such relief as justice may require as the Court may deem just and proper.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff Currie used all the prisoners Grievance procedures to try to resolve the problem. "All grievance procedure was exhausted and denied from the Department of Corrections, Bureau of Inmate Grievance Appeals. *See* Exhibit(s): A, B, and C attached to Complaint.

## VIII. PRIOR LITIGATION

A. Have you had any case in federal court, including federal appellate court,

7

dismissed as frivolous, as malicious, for failure to state a claim, or prior to service? **NO**

B. Have you filed other lawsuits or appeal in state or federal court dealing with the same facts or issues involved in this case? **NO**

C. Have you filed any other lawsuits, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement? **YES**

1. Case # 2015CF2314A
   Court: Leon County    Judge Angela Dempsey
   Date filed: 07/07/16    Dismissal date: 07/07/16
   Reason: Direct appeal challenging conviction

2. Case #2015CF2378A
   Court: Leon County    Judge Angela Dempsey
   Date filed: 03/15/17    Dismissal date: 05/15/17
   Reason: Direct appeal challenging conviction

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by *Federal Rule of Civil Procedure* 11, I certify that to the best of my knowledge, information, and belief, this Complaint: 1) is not being presented from an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; 3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the Complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 7 day of 5 , 2023.

S/ Devon Currie
Devon Currie, FDC#A51859
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak, FL 32060

I certify and declare, under the penalty of perjury, that this Complaint was deposited in the prisons mail system for mailing on the 7 day of 5 , 2023.

S/ Devon Currie
Devon Currie, FDC#A51859

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
### INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: A.C.I

**TO:** (Check One)
- [ ] Warden
- [x] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other _____

**FROM:**
- Inmate Name: Devon Currie
- DC Number: A51859
- Quarters: ~~P2H2~~
- Job Assignment: N/A
- Date: 8-17-22

### REQUEST
Check here if this is an informal grievance [X]

I am writing this informal grievance against P dorm officers who were either assigned to P dorm or were in the booth at the time that I was attacked, as I just learned during my PM investigation on August 5, 2022, that there were in fact (2) two officers present inside the officers station at the time that I was attacked. I attempted to notify officers during a walk through and was ignored and then directly after, attacked a second time after picking my property. I was unaware that both officers went back in the officers station and were present during these attacks because neither one attempted to help me or defuse the situation in any way. No chemical agents, no yelling or attempting to verbally break it up or stop this attack. I was stabbed a total of 6 times and had to be taken to T.C.U and nearly died, when I know that just the presence of an officer would have stopped this or at least minimized the damage. This is being filed because I've been made aware of new evidence.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): D. Currie
DC#: A51859

**INFORMAL**

---

**DO NOT WRITE BELOW THIS LINE**

### RESPONSE
DATE RECEIVED: AUG 18 2022

102-2208-0258   IOC   ~~Apalachee C.I. Warden's office~~

Security staff were interviewed and stated, staff responded to the incident entered the dormitory, all actions ceased, and proper actions were taken. Grievance 102-2208-0258 Denied.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ___Denied___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): J Snuth, CO
Official (Signature): J Snuth, CO
Date: 08 22 22

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

## PART B - RESPONSE

| CURRIE, DEVON | A51859 | 2208-102-198 | APALACHEE EAST UNIT | Y2112U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal has been reviewed, evaluated and responded to as follows:
The response you received on informal grievance log #102-2208-0258 has been reviewed and is found to adequately address this issue.

Grievance Denied

Should you feel your grievance has not been satisfactorily resolved at the institutional level, you may submit an appeal to the Office of the Secretary, Bureau of Inmate Grievances, 501 South Calhoun St., Tallahassee, Florida 32399-2500 within 15 calendar days of this institutional response using the Request for Administrative Remedy or Appeal Form.

_____  _____  9/7/2022
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING   SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE   DATE

Exhibit B

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

2208.102.198

TO: ☒ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

~~[redacted]~~ Currie    Devon        A51859        A.C.I
Last    First    Middle Initial    DC Number    Institution

**Part A – Inmate Grievance**

I am writing this grievance in response to the denial of my informal of the same nature. My issue is the fact that 2 officers were in the control station in P dorm and watched me be attacked one time in the bathroom and then a couple minutes later while walking through for formal count. as I was packing my property I attempted to get help from one of these officers but was basically ignored. These two plain examples of ~~[redacted]~~ of Duty lead to me being attacked a second time and this time severly and with weapons. I was stabbed a total of six times and during this attack, once again no officer in the booth, two at least attempted to interviene and help me, knowing I was in grave danger. The fact that they never once attempted to help me during this second attack is another example of ~~[redacted]~~ of Duty. They claim that they alerted staff but they are staff too so ~~[redacted]~~ it stands to reason they should help too, since they are on scene and able to stop immediatly this attack. By the time anyone even showed up, minutes later I was already passed out and bleeding out my lung collapsed. The main thing though even besides those two officers refusing to do their job is the fact that they saw this first attack and were warned by me of the second possible attack and still, with 2 chances to stop

MAILED/FILED
WITH AGENCY CLERK

SEP 28 2022

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| CURRIE, DEVON | A51859 | 22-6-27879 | APALACHEE EAST UNIT | Y2112U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

C. NEEL

_____
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

C. Neel
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

09/22/2022
DATE

Exhibit C

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
SEP 19 2022
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Currie | Devon | R | A51859 | A.C.I. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**   22-6-27879

This grievance is in response to the institution denying both former grievances about this same issue. This is a simple issue and if the officers who were present at the time that I was attacked multiple times would have responded immediately or have intervened as I asked, I would have never been stabbed. On the digital footage that recorded this entire incident, July 20, 2022 Between about 10:00pm and the exact time of 10:15pm (10:15pm being the time indicated on my incident report) The cameras will show me going towards the bathroom in the back of the dorm and almost immediately 3 or more Hispanic inmates going quickly into the same area. Even if they can't see directly into the sink area, It is obvious by the movements of those 3 inmates and the fact that everyone in the dorm just happened to start looking our way that an altercation was taking place. The cameras no doubt seen this. After being attacked, I went to my bunk and packed my property. During the process of packing Master Roster Count took place and 2 officers came in and did a head count. I attempted to get help from one of the officers closest to me, telling her I needed to leave the dorm, my life was in danger. She didn't even look my way, only stating "I'm busy." She had just observed me being attacked by 3 inmates, it is impossible to claim otherwise if she was doing her job and watching the dorm, the bathroom is literally in direct line of sight and then ignored my plea for help out of this dangerous situation. These 2 actions, Negligence of Duty in every way, resulted in the next phase of this video footage. Me being stabbed 6 times and nearly being killed. During this last and most viscous attack, her and another officer was in the officer's station and Neither one ever tried to stop this attack, delay it or even show a presence in the dorm at all. The only time any officer actually came into the dorm physically was when the attack was completely over, By then I was

9/12/2022                          D. Currie  A51859
DATE                               SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___/___
                                                                    #      Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

FORMAL

Receipt for Appeals Being Forwarded to Central Office      2208-102-198

SEP 13 2022
Submitted by the Inmate on: _____   Institutional Mailing Log # 22-905
Apalachee C.I. Warden's office (Date)                               (Received By)
                                                                    10c (102)
DISTRIBUTION:  INSTITUTION/FACILITY        CENTRAL OFFICE           (N|A)
               INMATE (2 Copies)           INMATE
               INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE
DC1-303 (Effective 11/13)                  Incorporated by Reference in Rule 33-103.006, F.A.C.

Attachment: 1

Close to death, having to defend myself from an attack that should have never been allowed to take place, had those two officers who were present have either broke up the first attack and removed all parties from the dorm or been proactive and prevented the second attack when I called to her for help during their master roster count walk through. The captain of day shift, Captain Cochran told me that he saw this video from start to finish and that he seen the beginning of the first altercation, even going so far as to claim he saw me walk by the shower on my way to the sinks on the other side, so there is no doubt what I am claiming here is clear for all to see. If the camera could see it, and the O.I.C. himself made this admission, then the two officers assigned to P-dorm can not deny seeing the same things, supposing of course they were doing their job and observing the dorm they were paid to observe. The fact that all of these things took place, back to back and these two officers never once tried to intervene is a clear case of Neglence of Duty, resulting in great bodily harm for 3 people, myself included going to the hospital by Ambulance. This all could have and should have been avoided. I would like the officers responsible for allowing this attack to be carried out, despite the knowledge I was in danger, to be held responsible. Thank you for your integrity in this situation and for your help.



Von Currie DC# A51859
Suwannee Corectional Institution
5964 U.S Highway 90
Live Oak, Fl 32060

JUL 10 2023

Northern District of Florida
Clerk of Court
111 N. Adams Street
Tallahassee, Florida
32301-7730