UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                                Case No. 5:23-cv-183-TKW/MJF

SGT. MCKINNEY and JANE DOE,

    Defendants.
_____/

## ORDER

This matter is before this court on Plaintiff's complaint. Doc. 1. Because his complaint suffers from several defects, this court will provide Plaintiff one opportunity to supplement and clarify his allegations in an amended complaint.

### I. BACKGROUND

On July 10, 2023, Plaintiff filed a complaint in which he named two people as defendants: (1) Sgt. McKinney and (2) Jane Doe. Doc. 1 at 2. The Defendants are employed at Apalachee Correctional Institution ("ACI"). *Id.* Plaintiff is suing the Defendants in their individual capacities. *Id.*

Plaintiff is currently a prisoner at Suwanee Correctional Institution. *Id.* at 2. Plaintiff alleges that on the night of July 20, 2022,[1] while he was incarcerated at Apalachee Correctional Institution, he was attacked by three gang members. *Id.* ¶¶ 3–4, at 3. Plaintiff alleges that Defendants could see the attack and "watched the assault but did nothing to protect" Plaintiff nor "defuse[] or control the altercation." Doc. 1 ¶ 7, at 3. After the attack, Plaintiff alleges that he received more threats and attempted to "plead[]" with Officer Jane Doe about obtaining protective custody. *Id.* ¶ 26, at 4. Plaintiff alleges that although defendant Doe "could clearly see Plaintiff's bloody face, [and] torn clothes," as well as "see and hear [the] ru[c]kus from the inmates," she "completely disregard[ed]" these facts, ignored his pleas, and left. *Id.* ¶¶ 19, 28, 31, at 3–4. After she left, Plaintiff alleges, he and two other inmates were "attacked and repeatedly stabbed by 6+ gang members," and Plaintiff was "stabbed in the left lung." *Id.* ¶¶ 34–35, 39, at 4–5.

---

[1] Plaintiff's complaint actually states that the date of the attack was July 20, **2023**. Doc. 1 ¶ 1, at 2. But this is likely a scrivener's error, considering Plaintiff's grievances describing the incident were filed in August and September of 2022. *See, e.g., id.* at 10, 14.

Plaintiff alleges that Defendants violated the Eighth Amendment because they failed to protect Plaintiff from injury despite knowing of the risk to Plaintiff. *Id.* at 6–7. As relief, Plaintiff requests compensatory and punitive damages. *Id.* at 7.

## II. STANDARD

Plaintiff is a prisoner, so the court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it is frivolous, is malicious, fails to state a plausible claim for relief, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see id.* § 1915(e)(2)(B) (same for *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an

affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

### III. Discussion

Generally, fictious-party pleading is not permitted in federal courts. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). But there is a limited exception to this rule. When a prisoner-plaintiff's "complaint makes clear that Plaintiff could uncover the names through discovery[,]" such a plaintiff may maintain an action against an unnamed defendant. *Bowen v. Superintendent of Miami S. Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) (citing *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992)). A plaintiff has a duty to provide enough information to identify a prison-employee defendant so that a court-appointed agent for service of process can locate the prison-employee defendant. *Richardson*, 598 F.3d at 739–40; *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990).

In his complaint, Plaintiff is suing "Jane Doe," an officer at ACI. Doc. 1 at 2. Plaintiff fails to provide sufficient information related to "Jane Doe" for this court to order service. For example, Plaintiff does not identify "Jane Doe's" race, age, or any other identifying factor that would

distinguish her from another officer at ACI. Without this information it is unlikely that service on the proper individual will be successful.

If he elects to file an amended complaint, Plaintiff must identify each defendant by his or her real name, unless Plaintiff truly does not know that particular defendant's real name. If Plaintiff names "Jane Doe" defendants, Plaintiff should describe those individuals **with as much detail as possible**, so that a court-appointed agent for service of process can locate those individuals.

### IV. VOLUNTARY DISMISSAL OR AN AMENDED COMPLAINT

Plaintiff should carefully consider the defects in his complaint. He also should weigh the likelihood of success and the consequences of not being a prevailing party.

The prevailing party will be entitled to recover costs. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.[2] **If Defendants prevail, for example, they are entitled to recover from Plaintiff the costs of defending this lawsuit. A court can award costs to defendants even if a**

---

[2] The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920: costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

**plaintiff is proceeding *pro se* or has no money**. *See Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 953–54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* prisoner-plaintiff who did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738, 738–39 (11th Cir. 2015) (per curiam) (affirming an award of $671.67 in costs against an indigent *pro se* prisoner-plaintiff after corrections officer prevailed on summary judgment). It is important that litigants assess their likelihood of success and the consequences of a loss.

Considering the defects in his claims, Plaintiff must ask himself: "Can I allege sufficient facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, **he should file a notice of voluntary dismissal**.

On the other hand, if Plaintiff chooses to proceed with this action, he must:

1. fill out completely a new civil-rights complaint form;

2. mark the complaint as his "**Amended Complaint**";

3. place each defendant's name in the style of the case on the first page of the complaint form;

4. as to each defendant, specify whether Plaintiff is suing each defendant in his individual or official capacity;

5. in the "Statement of Facts" section, clearly describe how each named defendant was involved in the alleged violation;

6. use **short, separately numbered paragraphs, limited as far as practicable to a single set of circumstances**, to set forth allegations as to each defendant named in the amended complaint;

7. include specific dates and times of their alleged acts;

8. delete or drop a defendant from his amended complaint, if Plaintiff cannot state exactly how that particular defendant harmed him;

9. in the "Statement of Claim" section, state what rights under the Constitution, laws of the United States, and/or Florida law have been violated, and provide support in the statement of facts for the claimed violations;

10. use headings to separate multiple claims (for example: **Count One: Eighth-Amendment Claim of Failure to Protect Against [list the relevant defendants]**);

11. under the heading of each claim, list, in numbered paragraphs, **all the facts that are relevant to the particular claim**, and **only those facts that are relevant to the particular claim**;

12. **type or clearly write** the text of his amended complaint, as this court cannot consider allegations that the court cannot read; and

13. include in the demand for relief only what is permitted under the relevant law.

Plaintiff also is advised that his amended complaint must contain all the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended complaint are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## V. CONCLUSION

Accordingly, it is **ORDERED**:

1. The clerk of the court shall send to Plaintiff a civil-rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.

2. **On or before October 3, 2023**, Plaintiff shall:

   a. file a notice of voluntary dismissal under Rule

41(a)(1)(A)(i); **or**

      b.    file an amended complaint that complies with this order, which shall be **typed or clearly written** and marked as Plaintiff's "**Amended Complaint**."

3.    Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Federal Rules of Civil Procedure.

**SO ORDERED** this <u>19th</u> day of September, 2023.

                                         /s/ *Michael J. Frank*
                                         **Michael J. Frank**
                                         **United States Magistrate Judge**