UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                Case No. 5:23-cv-183-TKW/MJF

SGT. MCKINNEY and JANE DOE,

    Defendants.

_____/

## ORDER

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a first amended complaint. Doc. 10. Because Plaintiff has complied with the order directing him to submit a sufficient number of service copies, service is now appropriate. The court cannot direct service on an unnamed Defendant—here, "Jane Doe." *See* Doc. 10 at 27. Plaintiff, however, will have the opportunity to determine the identity of this individual through proper discovery served on the other Defendant following service.

Accordingly, it is **ORDERED**:

1. The clerk of the court is directed to issue a summons for Defendant McKinney. The summons must indicate that Defendant McKinney has **SIXTY DAYS** in which to file a response to the complaint.

The clerk of the court is directed to refer the summons to the United States Marshals Service ("Marshals Service"), along with a service copy of Plaintiff's first amended complaint, Doc. 10, and a copy of this order.

2. Pursuant to Federal Rule of Civil Procedure 4(c), **Kathryn Bundy** is specially appointed to serve process upon defendants at the Apalachee Correctional Institution. In the absence of Kathryn Bundy, **Jacquelyn Jeter Garrett** is designated as an alternate process server and must comply with this order as though issued in her name.

3. Within **THIRTY DAYS** from the date of entry of this order on the docket, the Marshals Service is directed to serve a copy of the first amended complaint, a summons, and a copy of this order upon Defendant McKinney. Service should be attempted **by mailing these documents by regular mail to the above-named special process server, who must serve the complaint**. All costs of service must be advanced by the United States.

4. Within **SEVEN DAYS** after receipt of the first amended complaint and this order, **Kathryn Bundy** must **serve the first amended complaint upon Defendant McKinney, complete and sign the return of service, and return it to the clerk of the court as proof**

**of service**. Defendant McKinney must also sign the return of service as an acknowledgment of receipt of service.

5.   If Defendant McKinney is no longer employed at the designated institution or facility, or is otherwise unable to be served, **the server must report this information to the clerk of the court within SEVEN DAYS** after receipt of the complaint and this order. If service is returned unexecuted, or if a return is not filed within **FORTY-FIVE DAYS** from the date of this order, the clerk of the court is directed to immediately notify this court.

6.   Defendant McKinney has **SIXTY DAYS** in which to file a response to the first amended complaint.

7.   Unless a party first obtains permission from this court, no party shall file a motion for summary judgment prior to entry of a Case Management and Scheduling Order.

8.   The parties shall not file pretrial motions that seek to dismiss or preclude a particular remedy or demand for relief—such as punitive damages. The parties may move for limitations on particular remedies and recovery after the District Court has adjudicated all dispositive motions.

9. Counsel for Defendant McKinney must file a notice of appearance within **THIRTY DAYS** of the date of service.

10. Plaintiff is advised that after a response to the first amended complaint has been filed, no further amendments to the pleading will be permitted by the court unless, as required by Federal Rules of Civil Procedure 15, Plaintiff files a motion for leave to amend and a copy of the proposed second amended complaint. *See* N.D. Fla. Loc. R. 15.1.

11. Any party who desires to consent to trial of this case being conducted by a Magistrate Judge should execute the attached consent form and return it to the clerk of the court. The clerk of the court will retain any such form and will refer the consent form to the District Judge only if all parties consent. **Consenting to have a Magistrate Judge conduct proceedings may result in a speedier resolution of this case**. **Consenting to have a Magistrate Judge preside over the jury trial does not prevent the parties from having a jury decide the case**.

**SO ORDERED** this 13th day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**