# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**DEVON CURRIE**
**DOC# A51859,**

    **Plaintiff,**

v.                                      Case No.: 5:23-cv-183-TKW/MJF

**MCKINNEY, ET AL.,**

    **Defendants.**
_____/

## DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

    **McKinney** ("Defendant"), hereby answers **Devon Currie** ("Plaintiff") Amended Complaint, (Doc. 10)[1], as follows:

**I.**    **PLAINTIFF** (Doc. 10 at 2).

    Admit.

**II.**    **DEFENDANT(S)** (*Id*. at 2-6, 8).

1.    Admit.

2.    Without knowledge.

**III.**    **BASIS FOR JURISDICTION** (*Id*. at 3-4).

    Admit this Court has jurisdiction over Plaintiff's claims.

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

IV. **PRISONER STATUS** (*Id*. at 4).

Admit Plaintiff is a convicted prisoner within the custody of the Florida Department of Corrections.

V. **STATEMENT OF CLAIM** (*Id*. at 4-11).

1-5. Admit.

6-8. Without knowledge.

9. Deny.

10-15. Without knowledge.

16-18. Admit.

19-33. Without knowledge.

34. Admit that the names inmates became involved. Without knowledge as to the remainder of Plaintiff's allegations.

35. Admit that the names inmates were involved in the incident. Without knowledge as to the remainder of Plaintiff's allegations.

36. Admit that the inmate was stabbed in the face and required immediate medical attention. Without knowledge as to the remainder of Plaintiff's allegations.

37. Admit the inmate was stabbed in the back and shoulder. Without knowledge as to the remainder of Plaintiff's allegations.

38. Admit.

39. Admit that Plaintiff was injured. Without knowledge as to the remainder of Plaintiff's allegations.

40. Deny.

41-49. Without knowledge.

50-52. Admit that Plaintiff was sent to an outside hospital for 5 days. Without knowledge as to the remainder of Plaintiff's allegations.

53-66. Without knowledge.

**VI.  STATEMENT OF CLAIMS** (*Id*. at 12, 13).

Without knowledge.

**VII.  RELIEF** (*Id*. at 12).

1-4. Deny that Plaintiff is entitled to relief.

**VIII.  EXHAUSTION** (*Id*. at 15, Exhibits A-C).

Admit that Plaintiff has exhausted his administrative remedies.

**IX.  PRIOR LITIGATION** (*Id*. at 15-19).

Without knowledge as to Plaintiff's previous lawsuits.

**X.  CERTIFICATION** (*Id*. at 19-20).

No statement as Plaintiff certifies his allegations are true and correct.

**XI.  EXHIBIT D** (*Id*. at 27).

Without knowledge.

3

## XII. DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action against Defendant.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendant has not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution, the Florida Constitution, or Florida or Federal statutory law.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury because of Defendant's actions.

5. Defendant is entitled to qualified immunity for their actions relative to the incident set forth in Plaintiff's Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and any action or inaction by Defendant as required for liability under 42 U.S.C. §1983.

7. The actions taken by Defendant about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

8. Defendant's actions do not rise to the level of intentional or criminally reckless behavior which would allow for Plaintiff to obtain relief.

9. Plaintiff cannot establish any violation or injury of his guaranteed rights.

10. The actions taken by Defendant regarding the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

11. Plaintiff is not entitled to punitive damages under the Prison Litigation Reform Act.

## XIII. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses by adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## XIV. DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Answer, Defenses, and Affirmative Defenses* was e-filed electronically through CM/ECF on April 16, 2024, and furnished by U.S. Mail to: Devon R. Currie (DC# A51859), Columbia Correctional Institution, Annex, 216 S.E. Corrections Way, Lake City, FL 32025-2013 on April 16, 2024.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com
