UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                Case No. 5:23-cv-183-TKW/MJF

SGT. MCKINNEY and JANE DOE,

    Defendants.
_____/

## CASE MANAGEMENT ORDER

Plaintiff, a *pro se* inmate, filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Doc. 10. On April 16, 2024, Defendant McKinney filed an answer. Doc. 25.[1] Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish these goals, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

---

[1] Plaintiff has not yet served Defendant Jane Doe. If the discovery process results in the revelation of her identity and Plaintiff effects service, Jane Doe will be subject to this scheduling order.

1) **<u>Discovery Period</u>**. The deadline to complete discovery is **July 22, 2024**.[2] The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If Plaintiff or counsel for Defendants cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party. If consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, no extension will be granted except for good cause and upon showing of diligence. *See* Fed R. Civ. P. 6(b).

The filing of motions **SHALL NOT** operate to toll or extend the discovery cut-off date set forth in this paragraph.

---

[2] **To be considered timely, a request for discovery materials from a party must be served at least thirty days prior to the end of the discovery period.**

2) **Rule 26 Requirements**. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* Plaintiff are not required to meet or make initial disclosures. Costs for any requested discovery shall be borne by the party making the request. At some point in the future, the court may direct the parties to discuss the possibility of a prompt settlement or resolution of the case.

3) **Interrogatories and Requests for Production**. The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all discrete subparts. The number of requests for production to any party may not exceed 25.

4) **Deposition of Plaintiff**. Counsel for Defendant(s) is authorized to depose Plaintiff. Counsel must contact the warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

5) **Schedule.** The following schedule shall apply to this case:

    a. All motions and responses must be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

  b. Dispositive Motions—including motions to dismiss, motions for summary judgment, and any motion asserting an affirmative defense—shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, **not later than 21 days** after the close of discovery.

  c. Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

  d. The court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1(K).

**6)** **<u>Resolution of Discovery-Related Issues</u>**. Counsel and *pro se* parties must attempt to resolve discovery-related issues without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion to compel must include certification that such attempts have been made, in accordance with Fed. R. Civ. P. 37, and must

be in the form required by Local Rule 26.1(D). The parties' attention is also directed to the provisions of Rule 26(b)(1) and (g), Federal Rules of Civil Procedure (over-discovery and the parties' obligations).

**7)** **Rule 37 Sanctions**. If a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Additionally, if a motion to compel is granted, or if the discovery which is the subject of the motion to compel is provided after the filing of the motion, the court must (except under limited circumstances) require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A).

**8)** **Summary Judgment Motions**. Any motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (or Rule 12(b)(6) which requires reference to matters outside the pleading), must be accompanied by a supporting memorandum that complies with the form and length requirements of Local Rule 56.1(B). The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. A statement of facts must not be set out in a separate document.

If Plaintiff is the opposing party, he will be directed to submit a response to any such motion and may await the issuance of an order specifically directing the response. The party opposing a motion for summary judgment must, in addition to other papers or matters permitted by the rules, file and serve an opposing memorandum and any opposing evidence not already in the record. N.D. Fla. Loc. R. 56.1(C). The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

The statement of facts in each party's memorandum must reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source. N.D. Fla. Loc. R. 56.1(F). The court may, **but need not**, consider record evidence that has not been properly cited. N.D. Fla. Loc. R. 56.1(F).

**9)** **<u>Non-Filing of Rule 26 Disclosures and Discovery Materials.</u>** In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the clerk** copies of discovery

materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the court. The parties need not serve and **shall not file with the clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**10)** **Filing DVDs or Other Electronic Storage Devices.** Any Defendant seeking to file a DVD or other electronic storage device showing the inside of a correctional institution is authorized to file the device under seal. To do so, Defendant(s) must provide the device to the clerk of the court and file a notice of filing exhibit under seal referencing this Order and indicating whether Plaintiff had an opportunity to view the content of the device. The clerk of the court must store and maintain the device under seal during the pendency of this action. Within 90 days after the case is closed and all appeals have been exhausted, the Defendant(s) who filed the device under seal must retrieve it from the

clerk of the court. The clerk of the court may destroy the device (and any other exhibit) if it is not timely retrieved.

**11)** **Amendments**. This order may be amended by the court on its own motion or upon motion of any party.

**SO ORDERED** this 23rd day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**