UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

SGT. McKINNEY and JANE DOE

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**AMENDED[1]  UNOPPOSED MOTION FOR CONFIDENTIALITY ORDER**

Plaintiff DEVON CURRIE, through counsel, moves this Honorable Court for a Confidentiality Order (Exhibit 1), and would show that the proposed order has been modified at the request of the Florida Department of Corrections (FDC) and is not opposed by FDC or counsel for the Defendant(s) herein, and would further show:

Plaintiff has complained of failure to protect by prison officials. To bear his burden of proof and seek a fair disposition on the merits, Plaintiff has need of certain records, including video and audio recordings, photographs, including employee photographs for witness identification, communications, incident and investigative reports, inmate discipline records, inmate movement records, floor plans, policy and training records, duty rosters, control room and dormitory logs, housing records, post orders, employment records, including applications, evaluations, and employee discipline files, among others, depending on the facts of the case.

---

[1]Amended to reflect the addition to the Order, ¶ 6(h), at the request of the Florida Department of Corrections (FDC) the additional category "photographs taken within the prison compound and photographs of prison staff for witness identification," which change is agreed to by counsel for Defendants.

1

FDC is a non-party custodian of the records for many of the materials that Plaintiff is seeking. FDC has received a subpoena under Fed.R.Civ.P. 45. FDC has concerns about dissemination of records it considers sensitive under Florida state law on public records, including Chapter 119 and 945, and its own security policies. In this case, FDC and Defendants do not object to the proposed confidentiality order which would facilitate the production of discovery materials sought by Plaintiff that could contain or lead to evidence material to claims or defenses in this federal case.

FDC and the Parties are all concerned to protect the integrity of sensitive information. The proposed order directs handling of certain categories of information to ensure they are not made public except by agreement or Court Order but that records can be secured and exchanged without substantive redactions or denials.[2]

## MEMORANDUM OF LAW

Objections to non-party subpoenas are covered by Fed.R.Civ.P. 45(d)(2):

> (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> > (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

---

[2] Plaintiff does not object to the FDC practice of redacting officer home addresses and phones and names of family members, dates of birth (except for birth year) and Social Security Numbers (except for last four digits) as required prior to filing under Fed.R.Civ.P. 5.2(a). FDC also normally redacts officer i.d. numbers and designations for software that it considers a trade secret. Although this practice tends to delay production, Plaintiff will not challenge the practice at this point.

>(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed.R.Civ.P. 45(d)(2) requires that an objection be made to the subpoena and the claim of privilege must be stated within 14 days of service of the subpoena. Fed. R. Civ. P. 45(c)(2)(B). Not only must a party timely object under Rule 45(c)(2)(B), but where privilege or protection is maintained, must follow Rule 45(e)(2)(A)(ii) requiring claimants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

The Advisory Committee Notes to the 1991 revisions to the rule indicate that the authority to issue protective orders under Fed.R.Civ.P. 45 was intended to track the general protective order provisions of Fed. R. Civ. P. 26(c).

The burden is on FDC to seek protection of records sought in discovery under Fed.R.Civ.P. 45. However, the practice has sometimes been to simply withhold the records and force Plaintiff to move to compel them or produce them heavily redacted. In order to prevent unnecessary delay, Plaintiff seeks this Court's Order to lay down guidelines for production of usable discovery in this case.

**A. Protection of Records Must Be Justified by a Showing of "Good Cause"**

Fed.R.Civ.P. 26(c) provides that a court may "for good cause" issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." However, annoyance, embarrassment, oppression, or undue burden or expense is not shown lightly. 8 Charles Alan Wright & Arthur R. Miller, Federal

3

Practice and Procedure § 2035, at 264--65 (1970)) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). See *United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir. 1978).

In the past, FDC has sometimes raised objections to providing video and audio recordings and photographs taken within the prison gates, floor plans, staff photos for identification by witnesses, control room and dormitory logs and daily records of special housing, post orders (job descriptions) and policy records it holds as "restricted," and daily security rosters (a list of job assignments on particular days in the past). These unadorned descriptions fail to follow Rule 45(e)(2)(A)(ii) requiring claimants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." They are also not obviously linked to any particular Florida statute[3] or constitutional provision.

In any case, FDC is not entitled to the enforcement by a federal court of state confidentiality laws or public records exemptions. Evidentiary and discovery issues and privilege claims in federal question cases are clearly governed by federal law. Fed.R.Evid. 501. *Adkins v. Christie*, 488 F.3d 1324, 1328 (11th Cir. 2007); *Agster v. Maricopa County*, 422 F.3d 836 (9th Cir. 2005).

Rule 501, Federal Rules of Evidence, provides as follows:

The common law – as interpreted by United States courts in the light of reason

---

[3] FDC has cited § 945.10, Fla.Stat. as the source of state law confidentiality. § 945.10(e) exempts "information which if released would jeopardize a person's safety." This has been interpreted broadly by the Department as a "catch-all" provision.

and experience – governs a claim of privilege unless any of the following provides otherwise:

- the United States Constitution;

- a federal statute; or

- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Rule 501, Federal Rules of Evidence. The 1974 Advisory Committee Notes to Rule 501 state that "The committee agrees with the main thrust of the House amendment: that a federally developed common law based on modern reason and experience shall apply except where the State nature of the issues renders deference to State privilege law the wiser course, as in the usual diversity case." The notes warn that "a close reading reveals that State privilege law is not to be applied unless the matter to be proved is an element of that state claim or defense, as distinguished from a step along the way in the proof of it." The Advisory Committee continued:

> The formulation adopted by the House is pregnant with litigious mischief. The committee has, therefore, adopted what we believe will be a clearer and more practical guideline for determining when courts should respect State rules of privilege. Basically, it provides that in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case.]

1974 Advisory Committee Notes to Rule 501.

"[T]he federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be

5

controlled by a contrary state law of privilege." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir.1992). Thus, even where a plaintiff alleges violations of state law in addition to violations of federal law, federal courts look to federal law to determine the applicable privileges. This rule is driven by a respect for the precedents of other circuits, as well as the pragmatic concern that "it would be impractical to apply two different rules of privilege to the same evidence ..." *Id*. Although § 1983 law borrows from state law in wrongful death cases, that does not make the rule of decision a matter of state law. As the Advisory Committee noted:

> When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege law would not apply. See C.A. Wright, Federal Courts 251-252 (2d ed. 1970); *Holmberg v. Armbrecht*, 327 U.S. 392 (1946); *DeSylva v. Ballentine*, 351 U.S. 570, 581 (1956); 9 Wright & Miller, Federal Rules and Procedure § 2408.

1974 Advisory Committee Notes to Rule 501.

### B. Even Where Comity Is Appropriate, Florida Law Favors Openness

While Federal Courts may as a matter of comity consider state law, federal law controls and state law will not apply if inconsistent with the purposes of federal law. *Agster, supra*. Federal civil rights cases apply federal law to federal question cases even with pendent state counts. *Adkins v. Christie*, 488 F.3d 1324, 1329 (11th Cir. 2007). But even Florida law does not condone the withholding of public records under doubtful premises. The Florida Constitution, Article I, Declaration of Rights, § 24, states:

> Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to

6

records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.

Art. I, § 24, Florida Constitution.

The drafters of the 1992 Amendment to the Florida Constitution foresaw that public entities would push back and provided that public records exemptions could only be passed into law by a two-thirds vote. Art. I, § 24(c), Florida Constitution. Florida courts have made clear that the right of Floridians to records of state agencies should be read as broadly as possible. *See Board of Public Instruction v. Doran*, 224 So. 2d 693 (Fla. 1969); *Seminole County v. Wood*, 512 So. 2d 1000, 1002 (Fla. 5th Dist. Ct. App. 1987), *review denied*, 520 So. 2d 586 (Fla. 1988); *see also Lorei v. Smith*, 464 So. 2d 1330 (Fla. 2d Dist. Ct. App. 1985), *review denied*, 475 So. 2d 695 (Fla. 1985) (suggesting that public policy favoring open records should be given its broadest possible expression); *Blackford v. School Bd.*, 375 So. 2d 578 (Fla. 5th Dist. Ct. App. 1979) (stating that the Sunshine Law should be construed to frustrate all evasive devices). And as the old Fifth Circuit held in *American Civil Liberties Union of Mississippi v. Finch*, 638 F.2d 1336 (5th Cir., March 13, 1981):

> The purpose of enacting s 1983 was to ensure an independent federal forum for adjudication of alleged constitutional violations by state officials and as we noted in *Carr*, there is a "special danger" in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.

*Id.* at 1344 (citing *Carr v. Monroe Mfg. Co.*, 431 F.2d 384, 389 (5th Cir. 1970)

### C. Plaintiff's Proposed Order Governing Discovery Satisfies Protection Needs

Notwithstanding the substantial "good cause" burden on the proponent of protection, Plaintiff would, for the sake of minimizing unnecessary litigation, move for an order governing discovery which, though it would create presumptive protection for certain categories of records FDC deems sensitive or restricted, as long as the protected status is subject to challenge on "good cause" record-by-record so that records containing material evidence can be produced in a public trial.

Under the proposed order, certain categories of records would be afforded special protection, subject to further court review, if necessary. These categories would create an initial presumption for protection from which Parties may, if warranted, seek to add categories, or challenge the protection of any particular record for a showing of "good cause" under Fed.R.Civ.P. 26(c).

Plaintiff's proposed order has provisions, for the purposes of facilitating exchange of responsive records without denial or substantive redaction of information that may be material to a claim or defense or lead to admissible evidence, to limit dissemination of protected records to defined "Qualified Persons":

The proposed order provides that protected records filed with the Court be appropriately redacted or submitted to the Court with a motion to seal. Plaintiff recognizes that the discretion to seal lies entirely with the Court.

Plaintiff's proposed order provides that protected records may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Order at the end of Exhibit 1 to this Motion, agreeing to be subject to its terms.

Under Plaintiff's proposed order, if any Party objects to the designation of any discovery material as "Protected," the objecting party shall so notify the producing party in writing and if a dispute arises about the need for protection of any materials or a Party's duty to produce materials under this Order, the Parties must confer in good faith to resolve the dispute prior to seeking Court action.

Under Plaintiff's proposed order, within thirty (30) days of conclusion of this litigation including appeals, all discovery materials deemed protected under this Order that were produced by the parties and all copies thereof shall be returned to the producing party or destroyed and that all discovery materials deemed protected under this Order which are electronically stored in any manner by any Party be deleted.

WHEREFORE, Plaintiff moves this Honorable Court to enter Plaintiff's Order Governing Discovery in Prisoner Cases, attached hereto as Exhibit 1.

Respectfully submitted,   /s/James V. Cook, Esquire
Florida Bar No.: 966843
Law Office of James V. Cook
314 West Jefferson Street
Post Office Box 10021
Tallahassee, Florida 32301
Telephone: (850) 222-8080
Email: cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY that I have conferred with opposing counsel and counsel for the Florida Department of Corrections and they do not oppose the relief sought.

I CERTIFY the foregoing was filed electronically on 6/24/24 and that counsel of record are registered to be notified by the CM/ECF electronic mail system and to counsel for FDC at Shirtrina.Roberts@fdc.myflorida.com.

/s/James V. Cook