UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

SGT. McKINNEY and JANE DOE

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**JOINT MOTION TO EXTEND TIME**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Parties file this joint motion to modify the Case Management Order (ECF 27) to extend the discovery deadline and all related deadlines by 60 days, and would show:

This is a lawsuit originally filed by Inmate Devon Currie *pro se*, concerning claimed violations of the Eighth Amendment, among other claims. Attorney James Cook appeared for Plaintiff on June 6, 2024, and Attorney Josh Tarjan appeared as co-counsel on June 14, 2024. The Parties have done substantial discovery, including a Rule 45 Subpoena to the Florida Department of Corrections (FDC) and interviews of witnesses. The Parties have served written demands for discovery on each other. Counsel believe they have identified the "Jane Doe" party and can move forward with the case. However, the Parties agree that additional time will be needed to complete discovery, including depositions.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of

1

the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). The Parties have acted diligently and it appears there have been no prior extensions sought.

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Respectfully Submitted on July 22, 2024,

| | |
|---|---|
| /s/ Erik Kverne | s/James V. Cook |
| ERIK KVERNE, ESQ. | JAMES V. COOK, ESQ. |
| Assistant Attorney General | Florida Bar Number 966843 |
| Florida Bar No. 99829 | Law Office of James Cook |
| Office of the Attorney General | 314 West Jefferson Street |
| The Capitol, PL-01 | Tallahassee, FL 32301 |
| Tallahassee, Florida 32399-1050 | (850) 222-8080; 561-0836 fax |
| Telephone: (850) 414-3300 | cookjv@gmail.com |
| Facsimile: (850) 488-4872 | |
| Erik.Kverne@myfloridalegal.com | /s/ Joshua Tarjan |
| | Joshua Tarjan (FBN 107092) |
| Attorney for Defendants | THE TARJAN LAW FIRM P.A. |
| | 12372 SW 82 Avenue |
| | Pinecrest, FL 33156 |
| | (305) 423-8747 |
| | (323) 243-3186 (cell) |
| | (786) 842-4430 (fax) |
| | josh@tarjanlawfirm.com |
| | |
| | Attorneys for Plaintiff |

2