UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

SGT. McKINNEY, individually,

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Devon Currie respectfully moves for leave to file the attached Second Amended Complaint.

**I.  BACKGROUND**

1. On July 10, 2023, Plaintiff, then *pro se*, filed the instant action. [ECF 1]. On October 3, 2023, Plaintiff amended his complaint without the benefit of discovery.

2. With the recent appearance of undersigned counsel on Plaintiff's behalf [ECF 30, 31], Plaintiff has begun to seek out information relating to the attack on him and other inmates perceived as gay by gang members on the night of July 20, 2022.

3. Initially, Plaintiff believed his Dorm sergeant that night was a woman named McKinney. There is a Sgt. McKinnie at Apalachee C.I. who was Dorm Sergeant for Dorm M on that night. Sgt. McKinnie had worked as Dorm Sergeant for Dorm P a few days prior. Sgt. McKinnie may have been helping out in Dorm P that night.

4. At this point, it appears the Dorm Sergeant on the night of July 20, 2022, was Antoinette Patterson. It appears the sole Corrections Officer in Dorm P that night

was Delisia Green. Without benefit of discovery thus far, Plaintiff must proceed on the presumption that the prison staff on duty in Dorm P that night were Patterson and Green assisted by Sgt. McKinnie for purposes of Master Roster Count.[1]

5. It should be noted that Sgt. McKinney (or McKinnie), although posted as sergeant of M Dorm, responded to the Amended Complaint that she was "without knowledge" whether she was the intended Defendant. She has not denied being one of the corrections staff involved in this case. It also appears she may have been assigned to guard one or more Plaintiffs at the hospital after the attack.

6. Counsel for Plaintiff were able to speak with Inmates Charles Gaddis and Brandon Williams. They were in Dorm P with Devon Currie on July 20, 2022, and both were severely injured. Like Currie, Gaddis received life-threatening injuries.

7. Plaintiff seeks to amend to add Gaddis and Williams to the Complaint as victims of the same retaliation and failure to protect as Currie.

8. Plaintiff also seeks to add Defendants Eric Heffner, who was the Officer in Charge who was among the prison staff responding to the scene, and James Winterburn who was the Inspector who investigated the case for the role they played in sabotaging the investigation and punishing the victims in place of the guilty.

---

[1] Plaintiff did serve discovery demands that might have clarified the staffing on June 21, 2024 but opposing counsel asked for additional time and was expected to provide discovery on August 5, 2024. On that day, opposing counsel's office was closed due to Hurricane Debby. Plaintiff feels at this point he cannot delay this Motion to Amend any further. Opposing counsel will join a motion for a further extension for discovery to resolve confusion. The most realistic scenario at this point seems to be that Sgt. McKinnie was in Dorm P to assist with Master Roster Count. Plaintiff may find it necessary to seek leave to amend further as more information is provided to Plaintiff.

9. Heffner and Winterburn targeted Currie, Gaddis, and Williams with retaliation for their protected speech as inmates perceived as gay, including exercise of redress of grievances and association rights and complaints of failure to protect.

10. Heffner and Winterburn made common cause with complicit corrections officers and the predatory gang members who attacked Plaintiff, in order to cover officers' misconduct and minimize the number of attackers identified and punished.

11. Heffner and Winterburn either concealed or destroyed the surveillance video that would have recorded the events in the dormitory and identified more attackers. There is a paper trail that video had been used to identify attackers but at the end of the paper trail was left only an envelope and an empty compact disk and while most of the attackers were never punished, the victims of the attacks were.

12. The names of Patterson and Green were kept out of the paperwork so that it wasn't obvious that the attack took place around "Master Roster Count" when officers were in direct contact with both the attackers and victims.

13. The addition of these defendants and facts surrounding their conduct are "a proper subject of relief" to be "heard on the merits," and the Court should grant leave under Rule 15. *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014).

## II.  MEMORANDUM OF LAW

Rule 15, Federal Rules of Civil Procedure, provides that a party may amend its pleading with "the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a district court will look to determine whether (1) "there has been undue delay, bad faith, dilatory

motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile" when considering whether to grant leave under Rule 15(a)(2). *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Here, Plaintiff moves for leave to file the attached Second Amended Complaint to serve justice, promote judicial efficiency, and submits that Plaintiff has been diligent and amendment would not unfairly prejudice Defendants.

### A. Justice Requires Amendment.

While the information immediately made available to Plaintiff as a *pro se* litigant failed to identify any Dormitory staff, and only three of the attackers, records secured by undersigned counsel though a Fed.R.Civ.P. 45 Subpoena showed the identities of the assigned Dormitory staff, the identity of the "Jane Doe" (Delisia Green) and the fact that video had existed and purported to have been sent to the Office of the Inspector General. Other records showed that additional attackers had been identified but not charged and that Plaintiff had been identified as an attacker rather than a victim in order to place him into punitive Close Management I status, along with two others, Gaddis and Williams, who tried to defend him.

The assigned Inspector had wrongly stated in the Case Master Report that the victims, Currie, Gaddis, and Williams received "superficial" wounds, whereas other reports, including medical reports, made it clear that the injuries of two of the victims were life-threatening. That information would have qualified the case for submission to the State Attorney for prosecution but that was never done.

Plaintiff now knows that the "Jane Doe" was Corrections Officer Delisia Green and that although Sgt. McKinnie was identified as being on the premises at the time, the Dorm Sergeant for P Dorm was Antoinette Patterson. Plaintiff now has a clearer view of the role of Capt. Eric Heffner and Inspector James Winterburn who both created a misleading picture of the events, leaving out or mis-stating important details to punish the victims as "difficult" inmates and avoid any follow-up inquiry as to their actions by FDC administrators or the State Attorney.

Plaintiff seeks to add these defendants, whose identity or role was originally unknown to Plaintiff through no fault of his own, and whose role was uncovered. Plaintiff has not been dilatory and has, through counsel, diligently pursued information to fully state his claims to which he had no or limited access in prison, unlike the Plaintiff in *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of motion for leave to amend because information was available to the plaintiff when filing initial complaint). Leave should be given to amend to add defendants, substitute Officer Delisia Green for a fictitious Jane Doe defendant, and clarify facts and include certain defendants in recently discovered claims.

### B. There Is No Substantial Prejudice.

Further, there would be no substantial or undue prejudice to Defendants. Prior to the appearance of counsel, no discovery had been produced in this case. Since the undersigned's appearance, the Parties have tried to coordinate discovery with limited success but not primarily due to Plaintiff. Although the case has been pending for

some time, no trial date has been set. Plaintiff believes he finally has the information necessary to move forward and can do so with dispatch.

Plaintiff is simply seeking to hold all officers and prison staff members who violated his civil rights accountable; he does so based on the same essential theories that have existed since the inception of this case. There is no prejudice to Defendants in permitting the proposed amendment.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit leave to file the attached proposed Second Amended Complaint.

Respectfully Submitted on August 7, 2024,

> *s/James V. Cook*
> James V. Cook, Esq. (FBN 0966843)
> Florida Bar Number 966843
> Law Office of James Cook
> 314 West Jefferson Street
> Tallahassee, FL 32301
> (850) 222-8080; 561-0836 fax
> cookjv@gmail.com
>
> */s/ Joshua Tarjan*
> Joshua Tarjan, Esq. (FBN 107092)
> THE TARJAN LAW FIRM P.A.
> 12372 SW 82 Avenue
> Pinecrest, FL 33156
> (305) 423-8747; (323) 243-3186 (cell)
> josh@tarjanlawfirm.com
> Attorneys for Plaintiff

I CERTIFY that I have conferred in good faith with opposing counsel and opposing counsel objects to the relief requested.

I CERTIFY a true copy hereof was filed and served by CM/ECF on 8/7/24.

*s/James V. Cook*