UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

SGT. McKINNEY and JANE DOE

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**SECOND JOINT MOTION TO EXTEND TIME**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Parties file this joint motion to modify the Case Management Order (ECF 27) and Order to Extend (ECF 38) to further extend the discovery deadline and all related deadlines by an additional 45 days, and would show:

This is a lawsuit originally filed by Inmate Devon Currie *pro se*, concerning claimed violations of the Eighth Amendment, among other claims. Attorney James Cook appeared for Plaintiff on June 6, 2024, and Attorney Josh Tarjan appeared as co-counsel on June 14, 2024. The Parties have propounded substantial discovery, including a Rule 45 Subpoena to the Florida Department of Corrections (FDC) and interviews of witnesses. The Parties have served written demands for discovery for which responses will be completed by August 9. Plaintiff has filed a Motion to Amend the Amended Complaint based on information thus far received and can move forward with the case. However, there have been additional delays, including Tropical Storm Debby and other unforeseen problems and the Parties agree that additional time will be needed to complete discovery, including depositions.

1

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). The Parties have acted diligently although there has been one prior extensions sought.

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

WHEREFORE, the Parties jointly move this Honorable Court to permit a second extension of all deadlines of 45 days to advance the resolution of this case on its merits. This Motion is not made for purposes of delay.

Respectfully Submitted on August 8, 2024,

| | |
|---|---|
| */s/ Erik Kverne* | s/*James V. Cook* |
| ERIK KVERNE, ESQ. | JAMES V. COOK, ESQ. |
| Assistant Attorney General | Florida Bar Number 966843 |
| Florida Bar No. 99829 | Law Office of James Cook |
| Office of the Attorney General | 314 West Jefferson Street |
| The Capitol, PL-01 | Tallahassee, FL 32301 |
| Tallahassee, Florida 32399-1050 | (850) 222-8080; 561-0836 fax |
| Telephone: (850) 414-3300 | cookjv@gmail.com |
| Facsimile: (850) 488-4872 | |

Erik.Kverne@myfloridalegal.com

Attorney for Defendants

/s/ Joshua Tarjan
Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

Attorneys for Plaintiff

3