IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEVON CURRIE**
**DOC# A51859,**

    **Plaintiff,**

v.                                Case No.: 5:23-cv-183-TKW/MJF

**MCKINNEY, ET AL.,**

    **Defendants.**
_____/

## **DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY**

**McKinnie** ("Defendant"), by and through undersigned counsel, hereby motions this Court for leave to file a surreply to Plaintiff's Reply. (Doc. 48)[1]. Defendant desires to file a surreply for the following reasons:

### **STATEMENT OF FACTS**

On September 29, 2023, Plaintiff filed his Amended Complaint, which was subsequently served on Defendant. (Docs. 10, 20). Based on the service, undersigned counsel entered an appearance on behalf of Defendant and filed a timely Answer to Plaintiff's Amended Complaint. (Doc. 25). Based on the Answer being filed, this Court issued a Scheduling Order which initially required that Discovery be

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

completed by July 22, 2024. (Doc. 27).

Toward the end of the Discovery period, on June 14, 2024, counsel for Plaintiff appeared in this case. (Docs. 30, 31). After appearance of counsel, the parties moved to extend the Discovery period, which was granted. (Docs. 37, 38).

On June 25, 2024, Plaintiff provided a proposed Second Amended Complaint to undersigned counsel and asked for Defendant's position on leave to amend the complaint. After reviewing the proposed complaint, Defendant indicated that she would oppose the amendment.

On August 9, 2024, Plaintiff filed an Amended Motion for Leave to amend the complaint.[2] (Doc. 41). As an attachment to Plaintiff's Motion for Leave, Plaintiff provides a proposed copy of the Second Amended Complaint, pursuant to the Northern District's Local Rules. (Doc. 41-1). Plaintiff's proposed Second Amended Complaint makes the following additional changes to this case:

- Plaintiff identifies several other officers who were present during the July 20, 2022, incident and sues them for failure to protect and conspiracy consistent with Plaintiff's Amended Complaint;

- Interference with medical treatment on behalf of Defendant and proposed defendant Green;

- A new 1st Amendment retaliation claim against two new proposed defendants, Heffner and Winterburn; and

---

[2] Plaintiff filed an initial Motion on August 7, 2024, but later amended both the Motion for Leave and the proposed Second Amended Complaint based on Discovery responses provided to Plaintiff. (Doc. 41 at ¶ 6, fn 1).

2

- A new 8th Amendment claim against proposed defendants Heffner and Winterburn.[3]

*See* (Doc. 41-1). Based on Plaintiff's Motion, Defendant file a Response, (Doc. 43), which Plaintiff sought leave to reply to, (Doc. 46), and did reply to after leave was granted. (Doc. 47). Within Plaintiff's Reply, he provides argument contrary to Defendant's Response and in part relies on a new exhibit which is taken out of context. *See Id*.

Defendant believes that she should be given an opportunity to respond to Plaintiff's arguments as they relate to exhaustion.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies. *Cf. Owens v. Metropolitan Life Ins. Co.*, 323 F.R.D. 411, 414 (N.D. GA 2017) (finding no stated basis in the Federal Rules of Civil Procedure nor the Local Rules for the Northern District of Georgia for the authorization to file a surreply). "Rather, surreplies typically will be permitted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief,

---

[3] Plaintiff also includes a paragraph in his Motion that he was not attempting to add two new Plaintiffs to the case, as he had done in the original version of his Motion for Leave to Amend. *See* (Doc. 41 at ¶ 9). According to Plaintiff, the reason why he decided not to include them in this case is because "[upon] reflection, it appears to be the better course not to try to lump the three in a single case." *Id*. Though this is the stated reason by Plaintiff, the actual reason that Plaintiff did not amend to include them is that Defendant had informed Plaintiff that the two additional proposed plaintiffs had not exhausted, and it would be futile to include them in this case.

or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." *Owens*, 323 F.R.D. at 414. *See also First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. App'x 777, 788 (11th Cir. 2008) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. GA 2005)); *Presley v. Gulf County School Board*, 2024 WL 2864722, *1 (N.D. Fla. 2024). Defendant desires to file a surreply to Plaintiff's Reply with respect to two of Plaintiff's arguments, which both involve exhaustion.

First, Plaintiff appears to try to hide the ball on whether he exhausted against proposed defendants Captain Eric Heffner and Inspector James Winterburn. Within Plaintiff's Reply, he references an exhibit attached to his Reply which constitutes an appeal submitted by Plaintiff and subsequently responded to by the Central Office for the Florida Department of Corrections ("FDC"). (Doc. 48 at 2, 3-5). In attempting to demonstrate that Plaintiff exhausted, he verbatim quotes the content of his appeal and italicizes a portion of the appeal where Plaintiff is pontificating and speculating about the motivations of FDC. *Id*. at 4.

However, a great deal of context is lacking based on Plaintiff's failure to include the informal and formal grievances which prompted the appeal. *See* (Defendant's Exhibit A). A review of the informal and formal grievances and their associated responses clearly contradict Plaintiff's argument since the intent of his grievance was to argue that he should not be on Close Management I, not that he

4

was being retaliated against. *Id*. Due to how clear the intention is within Plaintiff's informal and formal grievances; Defendant did not even consider the informal and formal grievance and appeal to come anywhere near exhausting claims against Heffner and Winterburn. Defendant desires to further expand on this position.

Second, Plaintiff appears to take the position that merely exhausting the underlying claim provides him with *carte blanche* to bring whatever claim he wants. *See* (Doc. 48 at 2-3). Defendant disagrees with Plaintiff's contention since Plaintiff made no mention of lack of adequate medical care in his grievances related to the July 20, 2022, incident, and as a result, the notice and opportunity to resolve the issue are not provided to FDC prior to Plaintiff's filing suit. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (describing the two main purposes of exhaustion of administrative remedies prior to filing suit). Defendant desires to further expand on this position.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court provide Defendant with the ability to file a surreply about the issues described by Defendant.

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3300
Facsimile: (850)488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Response to Plaintiff's Motion for Leave to Amend Complaint* was e-filed and served electronically through CM/ECF on Plaintiff's counsel of record on September 4, 2024.

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion totals **1,090** words, not exceeding 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829

6

## **CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that undersigned counsel has conferred with Plaintiff's counsel of record pursuant to N.D. Local Rule 7.1(B) prior to the filing of this Motion. Plaintiff's counsel indicated that he objects to the relief requested in this Motion.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General
