UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,
    Plaintiff,

vs.

SGT. McKINNEY and JANE DOE
    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFFS' MEMORANDUM OPPOSING SURREPLY**

Plaintiff DEVON CURRIE, through counsel, files this Memorandum in Opposition to Defendant McKinney's Motion for Leave to file Surreply (ECF 49) to Plaintiff's Reply (ECF 48), and would show as follows:

1. Defendant McKinney (Sgt. McKinnie) was gracious enough not to oppose Plaintiff's Motion for Leave to Reply and Plaintiff is grateful and would have done the same for Defendant. However, at this point, Defendant is unfairly trying to use her opposition to Plaintiff's Rule 15 Motion to Amend as a Motion to Dismiss.

2. Plaintiff anticipates that he may have no chance to make any further rejoinder and objects that Defendant has essentially built the substance of her Surreply into her Motion for Leave. Defendant conveys that she believes Plaintiff's grievance appeal failed to comply with grievance rules in elaborating additional facts in his appeal.

3. Plaintiff anticipates that in any Surreply Defendant will not take any account of the well-settled Eleventh Circuit case law that grievance rules can be waived by the grievance authority, especially where the authority made clear its decision to treat the merits took account of both the underlying formal grievance and the appeal.

1

## MEMORANDUM OF LAW

"Futility of amendment" can be a basis for denying a motion for leave to amend. *Alexander v. AOL Time Warner, Inc.*, 132 Fed. Appx. 267, 269 (11th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, the futility defense is not a substitute for a motion to dismiss. *Phillips v. United States*, Civil Action 23-0140-WS-MU, at *1 (S.D. Ala. Dec. 7, 2023) ("The Court's practice is to grant leave to amend when the opponent's futility argument amounts effectively to a detailed motion to dismiss, leaving it to the opponent to then file a motion to dismiss the amended pleading. See *Sullivan v. Wells Fargo Bank, N.A.*, 418 F.Supp.3d 939, 942 (S.D. Ala. 2019)"); *Howard v. Bayrock Mortgage Corp.*, 2010 WL 2734649 at *1 (S.D. Ala. 2010). Other circuits across the country agree.[1]

Plaintiff submits that he would have a fair chance of prevailing on the exhaustion issue if raised in a Motion to Dismiss whereas the Rule 15 forum is not well-suited to disposition of this issue on the merits.

---

[1] See *Ambrose v. Avis Rent a Car Sys., Inc.*, 2012 WL 3962794 *3 (C.D.Cal. 2012) ("[D]efendants' futility arguments are better addressed by a motion to dismiss, not in an opposition to a Rule 15 motion); *Smith v. Apple, Inc.*, 2023 WL 7166807, at 2, n.2 (N.D. Cal. Oct. 30, 2023) ("Opposition to a motion for leave to amend is not, however, the appropriate procedural mechanism to raise a Rule 12(b)(6) argument that should be made in a motion to dismiss."); *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (explaining that "[d]enial of leave to amend on [futility grounds] is rare" and that "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed"); *Johnson v. King Cnty.*, No. 2:17-cv-05862-RBL, at *10 n.4 (W.D. Wash. May 21, 2019) ("The Court will not convert a response to a motion to amend into a motion to dismiss.); *Streambend Properties III, LLC v. Sexton Lofts, LLC*, 297 F.R.D. 349, 357 (D. Minn. 2014); *Wilson v. Arpaio*, No. CV-14-01613-PHX-JAT, at *5-6 (D. Ariz. June 29, 2015) ("A motion to amend is not the juncture at which to present arguments of partial futility.")

Defendant outlines the false starts in the Plaintiff's case when, as a *pro se* litigant, he had to use up his amendment "of right" to further identify a "Jane Doe," and is now having to seek a second amendment based on discovery received in the case relating to persons involved. Problems in naming defendants are common in *pro se* prison litigation and lack of transparency in prison administrative processes often make it difficult to grieve the abuses causing the harm, which, in this case, includes being wrongly placed on Close Management as victim of violence.

Plaintiff seeks to resolve difficulties common to *pro se* prison abuse litigation and asks to be allowed to address what are essentially Defendant's Motion to Dismiss arguments in a more appropriate forum after amendment.

WHEREFORE, Plaintiff' moves this Honorable Court to DENY Defendant's Motion to argue her futility defense further through Surreply.

Respectfully Submitted,

| | |
|---|---|
| */s/ Joshua Tarjan* | *s/James V. Cook* |
| Joshua Tarjan (FBN 107092) | James V. Cook, Esq., FBN 0966853 |
| The Tarjan Law Firm P.A. | Law Office of James Cook |
| 12372 SW 82 Avenue | 314 West Jefferson Street |
| Pinecrest, FL 33156 | Tallahassee, Florida 32301 |
| (305) 423-8747; (786) 842-4430 (fax) | (850) 222-8080; 850 561-0836 fax |
| josh@tarjanlawfirm.com | cookjv@gmail.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

I CERTIFY the foregoing was filed electronically on 9/9/24 and served on all counsel registered with the CM/ECF electronic mail system:

*/s/James V. Cook*