UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                      Case No. 5:23-cv-183-TKW-MJF

MICHELLE MCKINNIE, *et al.*,

    Defendants.

                                   /

## ORDER

The undersigned has considered, without hearing, Plaintiff's "Amended Opposed Motion for Leave to File a Second Amended Complaint," Doc. 41; Defendants' response in opposition, Doc. 43; Plaintiff's reply, Doc. 48; and Defendants' surreply, Doc. 49. For the reasons set out below, Plaintiff's motion to amend is granted in part and denied in part.

### I.   BACKGROUND

On July 5, 2023, Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff filed an amended complaint on September 29, 2023. Doc. 10. The amended complaint claims that

Defendant McKinnie and Defendant "Jane Doe" failed to protect Plaintiff from two inmate assaults on July 20, 2022.

On April 16, 2024, McKinnie filed an answer. Doc. 25. The undersigned issued a case management and scheduling order on April 23, 2024. Doc. 27.

In June 2024, counsel appeared on Plaintiff's behalf and participated in discovery. Docs. 30, 31. The parties have since filed two motions to extend discovery, with the latest extension closing discovery on November 4, 2024. Doc. 42.

Plaintiff now seeks leave to file a second amended complaint to (1) conform the complaint to facts ascertained through discovery regarding the failure-to-protect claims against McKinnie and Doe (now identified as Delisia Green); (2) add a failure-to-protect claim against Sergeant Antoinette Patterson; (3) add a medical-deliberate indifference claim against McKinnie; (4) add First-Amendment retaliation claims against Captain Eric Heffner and Inspector James Winterburn; and (5) add a § 1983 conspiracy claim against all Defendants. Doc. 41. Defendants oppose most of the amendments, asserting futility. Doc. 43.

## II.   THE AMENDMENT STANDARD

The parties agree that Plaintiff's proposed amendments require the court's leave. Doc. 41 at 3-4; Doc. 43 at 3. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

On the other hand, a district court may deny leave to amend "where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed. undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (alteration adopted) (footnote omitted) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)). Leave to amend may be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995).

## III.   DISCUSSION

### A.   Proposed Amendments Relating to Green and Patterson

Plaintiff's proposed second amended complaint seeks to (1) substitute Green for Defendant "Jane Doe," (2) join Patterson as a

Defendant, and (3) add a failure-to-protect claim against Patterson. Doc. 41-1. Defendants do not oppose these amendments. Doc. 43 at 4. Thus, the undersigned authorizes these amendments.

**B.      Proposed Amendments Relating to McKinnie**

Plaintiff's proposed second amended complaint seeks to add a "deliberate indifference to a serious medical need" claim against McKinnie. Doc. 41-1. McKinnie argues that the amendment would be futile because Plaintiff failed to exhaust this claim, and Plaintiff's allegations fail to state a plausible deliberate-indifference, failure-to-protect, or conspiracy claim against McKinnie. Doc. 43 at 4-15.

Regarding exhaustion, Plaintiff is not required to plead exhaustion in his complaint. "[F]ailure to exhaust is an affirmative defense. And a complaint may be subject to dismissal for failure to state a claim—based on an affirmative defense—only when the affirmative defense appears on the face of the complaint." *Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023). It is not apparent on the face of Plaintiff's proposed second amended complaint that Plaintiff failed to exhaust his administrative remedies. Whether Plaintiff's grievances (attached to his first amended complaint) put the FDC on notice of a medical-deliberate-indifference is

an issue more appropriately addressed in a dispositive motion, not a motion to amend the complaint.

Regarding the legal sufficiency of Plaintiff's allegations against McKinnie under the Eighth Amendment, McKinnie's futility argument relies largely on McKinnie's responses to interrogatories—material outside the complaint. *See* Doc. 43 at 14–15. McKinnie's argument is more appropriately made in a motion for summary judgment, not a motion to amend the complaint.

Because the undersigned cannot conclude that Plaintiff's allegations of deliberate indifference to a serious medical need and failure to protect are insufficient as a matter of law, the undersigned will allow Plaintiff's proposed amendments relating to Defendant McKinnie. Plaintiff's proposed conspiracy claim is addressed separately.

C. **Proposed Amendments Relating to Heffner and Winterburn**

Plaintiff's proposed second amended complaint seeks to join Eric Heffner and James Winterburn as Defendants for purposes of adding First-Amendment retaliation claims and a conspiracy claim against them. Doc. 41-1. Defendants argue that amendment would be futile because Plaintiff's proposed allegations fail to state a plausible claim

under either legal theory against Heffner or Winterburn. Doc. 43 at 15-17.

"To state a claim for First Amendment retaliation, a plaintiff must allege that he engaged in protected speech, that the official's conduct adversely affected the protected speech, and that a causal connection exists between the speech and the official's retaliatory conduct." *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) (citing *Bailey v. Wheeler*, 843 F.3d 473, 480-81 (11th Cir. 2016)).

Neither the factual assertions in Plaintiff's proposed second amended complaint, nor the assertions made in Plaintiff's administrative appeals, allege that Plaintiff's placement on Close Management—or Heffner's or Winterburn's actions regarding the preservation of evidence, the investigation, and the characterization of the incident/assault—was in retaliation for Plaintiff having engaged in First-Amendment-protected speech. *See* Doc. 41-1 ¶¶ 54-67, 89-96; Doc. 43-2; Doc. 48-1. Rather, Plaintiff's proposed second amended complaint attributes Heffner's and Winterburn's conduct (which Plaintiff labels "retaliatory punishment") to "systemic homophobia," anti-victim bias, and a desire to "cover up" the

other officers' failures during the incident/assaults. Doc. 41-1 ¶¶ 54-67, 89-94.

Because Plaintiff's allegations supporting his proposed First-Amendment retaliation claims against Heffner and Winterburn fail to include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible," his proposed amendment is futile. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). For this reason, the undersigned disallows Plaintiff's proposed joinder of First-Amendment retaliation claims against Heffner and Winterburn.

**D.     Proposed Addition of Conspiracy Claim**

Plaintiff seeks to add a conspiracy claim under § 1983 against McKinnie, Patterson, Green, Heffner and Winterburn. Doc. 41-1. Defendants oppose this amendment as futile. Doc. 43 at 15–17.

A plaintiff has a § 1983 claim for conspiracy to violate constitutional rights when he shows "a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). Among other things, the plaintiff

must allege that the "defendants reached an understanding to violate [his] constitutional rights." *Id.* (internal quotation marks omitted).

Plaintiff's proposed conspiracy claim fails because of the intracorporate conspiracy doctrine. The Eleventh Circuit recently summarized in dismissing a § 1983 conspiracy claim:

> For a conspiracy to be formed, there must be an agreement among multiple actors. *See id.* at 1261. But when an agency's employees act within the scope of their employment, their actions are attributed to the agency itself. *Id.* Under the doctrine, an agency's employees, "when acting in the scope of their employment, cannot conspire among themselves." *See id.* (explaining that actions of the employees are attributed to the agent itself "thereby negating the multiplicity of actors necessary for the formation of a conspiracy" (internal quotation marks omitted)).

*Harris v. Wingo*, No. 22-10905, 2023 WL 3221640, at *5 (11th Cir. May 3, 2023) (citing *Grider, supra*).

Here, because all the Defendants (existing and proposed) were acting within the scope of their employment with the Florida Department of Corrections,[1] the intracorporate conspiracy doctrine bars Plaintiff's

---

[1] Plaintiff alleges that the prison officials were acting within the scope of their employment. *See* Doc. 41-1; *see also Grider*, 618 F.3d at 1261 ("The scope-of-employment inquiry is whether the employee . . . was performing a function that, but for the alleged constitutional infirmity, was within the ambit of the officer's scope of authority (i.e., job-related duties) and in furtherance of the employer's business.").

proposed § 1983 conspiracy claim.² Because Plaintiff's proposed conspiracy claim fails as a matter of law, the undersigned disallows this proposed amendment.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's motion to amend, Doc. 41, is:

    a. **GRANTED** to the extent that Plaintiff may file a "Second Amended Complaint" that incorporates Plaintiff's proposed failure-to-protect claims against McKinnie, Patterson and Green, and Plaintiff's proposed medical-deliberate-indifference claim against McKinnie; and

    b. **DENIED** in all other respects.

2. Defendants' motion to file a surreply, Doc. 49, is **GRANTED** to the extent all submissions have been considered.

---

² The Eleventh Circuit previously recognized an exception when there is "evidence of conduct constituting a criminal conspiracy in violation of the *federal criminal code.*" *Grider*, 618 F.3d at 1263 (emphasis added). Although Plaintiff alleges a conspiracy existed, he has failed to include specific factual allegations of conduct constituting a criminal conspiracy in violation of the *federal criminal code.*

3. Plaintiff's deadline to file a "Second Amended Complaint" is **OCTOBER 4, 2024**. Any "Second Amended Complaint" must not include any defendants, factual allegations, or claims that have been disallowed.

4. The clerk of the court shall modify the docket to reflect the correct spelling of Defendant McKinnie's surname.

**SO ORDERED** this 20th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**