UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

     Plaintiff,

vs.

MICHELLE MCKINNIE, *et al*.

     Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION (Doc. 58)
TO DISMISS PUNITIVE DAMAGES AND COUNT II OF PLAINTIFF'S
<u>SECOND AMENDED COMPLAINT (Doc. 52)</u>**

Plaintiff DEVON CURRIE, through counsel, files this Response in

Opposition to Defendant's Motion to Dismiss Punitive Damages and Count II Of

Plaintiff's Second Amended Complaint (Doc. 58), and would show:

1. Plaintiff exhausted his administrative remedies under 42 U.S.C. 1997e,

regarding the Defendants' deliberate indifference to his medical needs.

2. Plaintiff's Request for Punitive Damages is premature at the motion to

dismiss stage, and, regardless, punitive damages are not an available remedy.

**MEMORANDUM OF LAW**

**I.**     **Plaintiff exhausted his administrative remedies under 42 U.S.C. 1997e,
regarding the Defendants' deliberate indifference to his medical needs.**

Defendants have moved to dismiss Plaintiff's Count II as to Defendants Sgt.

Michelle McKinnie and Ofcr. Delisia Green charging deliberate indifference to

Plaintiff Currie's medical needs due to a gang attack. McKinnie and Green were in Plaintiff's dorm doing Master Roster Count when Currie, with torn clothing and bleeding gashes on his face, appealed for help to escape a Latin Kings gang assault on the basis of his sexual orientation, demanding that he get out of the Dorm. (Doc. 52 at ¶ 33). Defendant Patterson was inside the glassed-in Officer's Station. (*Id*. at ¶ 25). Green, out in the Dorm, is alleged to have responded, "I ain't doing no paper work" and moved on, leaving Plaintiff to the mercy of the Latin Kings, with gang members still yelling threats and Sgt. McKinnie looking on. (*Id*. at ¶¶ 32, 35, 36).

To argue Plaintiff failed to properly exhaust his remedies as to deliberate indifference to his need for "medical help" during a gang attack, Defendants go outside the four corners of the operative complaint, citing an appeal to the Secretary of the Florida Department of Corrections (FDC) from denial of a formal grievance affirming the denial of informal grievance, all of which Plaintiff attached to his initial *pro se* complaint. This appeal was denied on the merits by the Secretary's designee, finally exhausting the grievance process (Doc. 1 at 10-15).

In the informal grievance, Plaintiff complains that officers present during the attack failed to "help me or diffuse the situation in any way . . . or at least minimized the damage." (*Id*. at 10). The informal grievance was denied stating that "Security staff were interviewed . . . and proper actions were taken." (*Id*.). The formal grievance had words cut off but appears to say that the officers "knowing I

was in grave [dang]er . . . never once attempted to help me." (*Id*. at 12). The formal response was that the response to the informal grievance "is found to adequately address this issue." (*Id*. at 11). In his appeal from denial of the formal grievance, Plaintiff writes, "I attempted to get help from one of the officers closest to me, telling her I needed to leave the dorm. My life was in danger. She didn't even look my way, only stating, "I'm busy." (*Id*. at 14). The Secretary's designee responded, "The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level." (*Id*. at 13).

Thus, the grievance appears to be that the officers failed to provide <u>any kind of help</u> whatsoever and showed no concern for his welfare. It does appear that some investigation was done as a result of his grievances since a Captain told him that he watched the dorm video "from start to finish." (*Id*. at 15).

Logically, either calling back-up or calling medical would have interrupted the gang activities and avoided a second wave attack, a series of stab wounds and a punctured lung. It is undisputed that neither McKinnie nor Green made any effort to help Currie get medical help for his clearly obvious injuries or take any other action to avoid the second wave Latin Kings knife attack.

Defendant McKinnie argues that (although the facts underlying the cause of action had been pled), the explicit cause of action for failure to provide access to

medical care had not been articulated prior to the operative complaint (Doc. 52, Second Amended Complaint). Defendant acknowledges that a plaintiff has a duty to present "well-pleaded factual allegations" that "give rise to an entitlement to relief." (Doc. 58 at 2-3). Defendant acknowledges that it is the underlying facts and not the legal conclusions from those facts that the Court requires from a plaintiff. There is no provision in Rule 8, Federal Rules of Civil Procedure that requires the naming of a particular legal theory or cause of action that might be justified by the underlying facts. (*Id*. at 3).

Defendants go on to argue that because Plaintiff did not explicitly grieve that he was deprived of *medical* care when he begged, in torn bloody clothing, for help in the face of Latin Kings gang assaults which had already dealt him serious facial wounds, Plaintiff did not properly exhaust the grievance process as required by the Prison Litigation Reform Act. (*Id*.). That argument would make the demands of the grievance process more restrictive than the federal rules of pleading, and would effectively convert the requirements of exhaustion of the grievance process into a 15-day statute of limitations.

In *Chestnut v. Williams*, 3:22-cv-1349-BJD-LLL, (M.D. Fla. Jan. 18, 2024), the court found that a prisoner was not required to "mention discrete potential civil rights claims in a grievance to properly exhaust his administrative remedies so long as he affords the agency a 'full and fair opportunity' to address his issue on the

4

merits." *Id*. at *10. See *Jones v. Bock*, 549 U.S. 199, 217 (2007); See also

*Maldonado v. Unnamed Defendant*, 648 Fed.Appx. 939, 953 (11th Cir. 2016)

("The exhaustion requirement, allowing prison officials to address complaints in

the first instance, is satisfied as long as the inmate's grievance provides sufficient

detail to allow prison officials to investigate the alleged incident.").

   "[I]t is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Nothing in the FDOC's grievance procedures requires inmates to file new

grievances addressing every subsequent act by a prison official that contributes to

the continuation of a problem already raised in an earlier grievance. The only

FDOC requirements regarding the contents of grievances are that they must

accurately state the facts and "address only one issue or complaint." Fla. Admin.

Code Ann. rr. 33-103.006(2)(e) and (2)(f). *Parzyck v. Prison Health Services, Inc.*,

627 F.3d 1215, 1219 (11th Cir. 2010). Rather, exhaustion 'merely requires inmates

to complete the administrative review process in compliance with the prison's

grievance procedures, so that there is time and opportunity to address complaints

internally before allowing the initiation of a federal case.'" *McIlwain v. Burnside*,

2021 WL 4256827 (M.D. Ga. 2021), *report and recommendation adopted*, 2021

WL 3634122 (M.D. Ga. Aug. 17, 2021).

   "Where a prison's grievance procedure does not require a certain level of

specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Hamze v. Singletary,* 2024 WL 4252554 (M.D. Fla. Sept. 20, 2024). Here, the agency had every opportunity to investigate the events of July 20, 2022, through interviews and review of the video recordings.

Defendants do not explain how any of the policies underlying the Florida Department of Corrections grievance policy, as summarized by *Alexander v. Hawk*, 159 F. 3d 1321, 1323 (11th Cir.1998), are undermined by the failure of Plaintiff to articulate a legal theory of a constitutional violation underlying the essential facts in the grievance, much less why grievance requirements should be more stringent than federal pleading rules.

If, in fact, Plaintiff had not fully exhausted the grievance process and the grievance reviewing authority nevertheless treated the grievances on the merits, the grievance review authority has the power to waive the deficiency.  "[A] prison waives its procedural objections to considering the merits of a grievance, and therefore waives its exhaustion defense, if it does not explicitly rely on the grievance's procedural shortcomings as an adequate and independent ground for denying the grievance at the administrative level." *Whatley v. Smith*, 898 F.3d 1072, 1084 (11th Cir. 2018). "District courts may not enforce a prison's procedural rule to find a lack of exhaustion after the prison itself declined to enforce the rule." *Whatley v. Smith*, 898 F.3d 1072 (11th Cir. 2018).

The role that the grievance process plays in the continuum of processes that may ultimately lead to litigation may save judicial labor but it does not preempt the remedial purposes of 42 U.S.C. § 1983. The role of the grievance process to put the agency on notice of the essential facts so that it can investigate and correct constitutional deficiencies and avoid unnecessary litigation does not put the state agency or its officials in the driver's seat.

## II.   Plaintiff's Request for Punitive Damages is premature at the motion to dismiss stage, and, regardless, punitive damages are not an available remedy.

### A. Defendant's motion to dismiss punitive damages is premature.

Defendant moved to dismiss Plaintiff's request for punitive damages on the ground that they are barred by 18 U.S.C. § 3626(a)(1)(A).

At this stage in the proceeding, the Court need not decide whether Plaintiff may recover punitive damages. *See Watson v. Harris*, 1:23CV41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023), *report and recommendation adopted*, 1:23-CV-41-AW-ZCB, 2024 WL 23160 (N.D. Fla. Jan. 2, 2024). Resolution of the issue is not dispositive of this case, nor will it change the course of proceedings on Plaintiff's claims against Defendant McKinnie, who may raise the issue again at later stages in this litigation. *See id*. Judges in the Northern District of Florida as well as other courts "have reached the same conclusion in similar situations." See *id*., citing, *e.g.*, *Baker v. Rathel*, No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *4-5

(N.D. Fla. Oct. 5, 2023) (recommending denial of motion to dismiss punitive damages claim because the issue was not dispositive, and a ruling on the issue at the motion to dismiss stage would not change the course of the proceedings), *adopted by*, 2023 WL 7497491, at *1 (N.D. Fla. Nov. 13, 2023); *Vaughn v. Cambria Cnty. Prison*, 709 F. App'x 152, 155 n.2 (3d Cir. 2017) (deferring consideration of whether punitive damages are available under 18 U.S.C. § 3626(a)(1)(A) "because liability has not yet been found"); *Canaan Apothecary, LLC v. Salisbury Pharmacy Group, LLC*, No. 3:12-cv-1571, 2014 WL 788944, at *5 (D. Conn. Feb. 25, 2014) (declining to rule at the motion to dismiss stage on the availability of punitive damages); *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, No. 17-cv-747, 2018 WL 6519070, at *6 (D.N.H. 2018) (refusing to resolve entitlement to punitive damages at the motion to dismiss stage)).

The Attorney General's Office routinely files these motions to dismiss punitive damages, and these motions are just as routinely denied. For a recent example see *Smith v. Williams*, 3:23CV5661/TKW/ZCB, 2024 WL 4438320, at *5 (N.D. Fla. Sept. 9, 2024), *report and recommendation adopted*, 3:23-CV-5661-TKW/ZCB, 2024 WL 4434798 (N.D. Fla. Oct. 7, 2024).[1]

---

[1] A number of the cases in which these motions to dismiss have been filed involved opposing counsel in the instant case, and each time the argument has been rejected. See *Miller v. Willis*, 3:21-CV-832-BJD-MCR, 2024 WL 2815641 at *6 (M.D. Fla. June 3, 2024); *Harris v. Singletary*, 3:22-CV-449-MMH-LLL, 2024 WL 3252797, at *14 (M.D. Fla. July 1, 2024); *Brazill v. Jones*, 5:21-CV-99-TKW-MJF, 2024

Here, because resolution of the issue is not dispositive of this case, nor will it change the course of proceedings, and liability has not yet been found, a ruling on the issue at this stage should be denied.

### B. Even if Defendant's argument is properly raised, the motion to dismiss punitive damages also lacks merit.

The argument to dismiss punitive damages as barred by 18 U.S.C. § 3626(a)(1)(A) lacks merit for the reasons explained in many other opinions. *See Smith v. Williams*, 3:23CV5661/TKW/ZCB, 2024 WL 4438320, at *5 (N.D. Fla. Sept. 9, 2024), *report and recommendation adopted*, 3:23-CV-5661-TKW/ZCB, 2024 WL 4434798 (N.D. Fla. Oct. 7, 2024) (citing *Blake v. Ortega*, No. 3:23-cv-8553/LC/HTC, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), *adopted by* 2024 WL 1996014 (May 6, 2024); *Santiago v. Walden*, No. 3:23cv741/MMH/JBT, 2024 WL 2895319, at *9 (M.D. Fla. June 10, 2024); *Walker v. Bailey*, No. 3:23-cv-511/MMH/MCR, 2024 WL 3520868, at *8 (M.D. Fla. July 24, 2024)).

As Judge Hope Thai Cannon reasoned in *Blake v. Ortega*, at *4, Defendant's argument is that Plaintiff's request for punitive damages is barred by section 3626 of the PLRA, which states as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such

---

WL 1723555, at *10 (N.D. Fla. Apr. 1, 2024), *report and recommendation adopted*, 5:21-CV-99-TKW-MJF, 2024 WL 1717392 (N.D. Fla. Apr. 22, 2024).

relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). But, as Judge Cannon opined, "Punitive damages are included within the definition of 'prospective relief' used in the statute." *Blake* at *4 (citing *Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015)).

Here, as in *Blake* at *4, Defendant attempts to argue punitive damages categorically cannot satisfy the requirements of 18 U.S.C. § 3626(a)(1)(A) because: (1) " 'correction' of [a] violation [of a federal right] is accomplished through compensatory damages and punitive damages are, by their nature, never corrective" (Doc. 58 at 13); and (2) punitive damages cannot be "narrowly drawn," "extend no further than necessary," or be the "least intrusive means," to correct the violation of a federal right (Doc. 58 at 13). However, as in *Blake*, Defendant cites "no binding precedent which holds that section 3626 prohibits the assessment of punitive damages in prison conditions cases." *Blake* at *4 (quoting J. Cannon). And the Eleventh Circuit case Defendant does cite, *Johnson*, indicates punitive damages are permitted in prison conditions cases. *See Blake* at *4 (citing 280 F.3d at 1325 (finding section 3626's "requirements mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the

federal right that occurred in the case" and "that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so")). As Judge Cannon concluded: "Thus, the current state of the law does not support the conclusion that section 3626 imposes a categorical prohibition on an award of punitive damages." *Blake* at *4 (citing *Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1379–80 (M.D. Fla. 2013) (finding prisoner was entitled to $15,000 in punitive damages for violations of his First and Fourteenth Amendment rights)).

Here, because the current state of the law does not support the conclusion that section 3626 imposes a categorical prohibition on an award of punitive damages, Defendant's motion to dismiss punitive damages should be denied.

WHEREFORE, Plaintiff' moves this Honorable Court to DENY Defendant's Motion (Doc. 58) To Dismiss Punitive Damages And Count II Of Plaintiff's Second Amended Complaint (Doc. 52).

Respectfully Submitted,

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747; (786) 842-4430
(fax) josh@tarjanlawfirm.com

*Attorney for Plaintiff*

*s/James V. Cook*
James V. Cook, Esq., FBN 0966853
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 850 561-0836 fax
cookjv@gmail.com

*Attorney for Plaintiff*

I CERTIFY the foregoing was filed electronically on 10/16/24 and served on all counsel registered with the CM/Doc. electronic mail system:

*/s/James V. Cook*

## **Certificate of Compliance with Local Rule 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains [2765] words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

*/s/James V. Cook*