# Exhibit II

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA DIVISION

**DEVON CURRIE**
**DC# A51859**

  **Plaintiff,**

v.                                                              Case No.: 5:23-CV-183-TKW-MJF

**SGT. MCKINNIE, et al.,**

  **Defendants.**
  _____/

## DECLARATION OF MICHAEL HARRELL

I, Michael Harrell, pursuant to 28 U.S.C. §1746 and § 92.525, Fla. Stat., make this declaration under penalty of perjury and declare that the statements made below are true and state:

1. I am employed as a Bureau Chief of Security Operations by the Florida Department of Corrections ("FDC"), Office of Institutions in Tallahassee, Florida. I am trained in FDC Use of Force and Security Procedure and often review Uses of Force that occur in FDC.

2. At the request of the Florida Office of the Attorney General, I have reviewed the complaint, reports, and other relevant documents from the incident involving Inmate Devon Currie, DC# A51859 on October 25, 2021.

3. Based on the event described, and assuming there were no other security staff present in the dormitory, the officer or officers that were in the officer's station of P-Dorm were required to initiate the Incident Command System (ICS) to report the fight and request assistance.

4. The ICS is based on the National Incident Management System and is a series of protocols that outlines how to respond to emergencies as the arise.

5. In initiating ICS, one officer's station officer would have been the initial responder to the incident. This initial responder's primary role is not intervention, but communication. If there was a second officer inside of the officer's station at the onset of the incident, the second officer's primary role would be to assess the situation, await the arrival of a sufficient amount of other responding staff, and then, when safe to do so, act to carry out the Department's tactical priorities.

6. Additionally, if there was one person in the officer's station, that officer would be the only one able to unlock the dorm to allow other responders to enter the situation and take control of the dorm when they arrived.

7. Furthermore, leaving the officer's station would not only be a breach of protocol and training, but also put the officer's safety and the safety of the institution at risk, unnecessarily.

8. If one officer were to remain in the officer's station and the other enter the dorm in an attempt to intervene in the fight, then the officer entering the dorm would be a sole officer intervening in a widespread fight in which weapons are observed being used which would put that officer's safety and the safety of the institution at risk, unnecessarily.

9. This would especially be true if the officer were a female attempting to enter a dorm of armed males.

10. It would also have been a breach of protocol and training to open the door to try and allow the inmates who were attacked to try and escape because it would have put the safety of the institution at risk as the attacking inmates could also escape the dorm and attack other inmates or officers.

11. Given the situation alleged in the complaint, the actions committed by the officer's station officer(s) are consistent with the training they received and, warranted to maintain their safety and the security of the institution.

12. The foregoing facts are known to me to be true and correct based upon my review of the records. I am over the age of 18, am competent to testify to such facts, and would so testify if I appeared in court as a witness at a trial regarding this matter. I declare under penalties of perjury that I have read the foregoing, and I confirm that the facts stated herein are true and correct.

_____          12/10/2024
**Michael Harrell**                    **Date**
**Declarant**