UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

SGT. McKINNEY and JANE DOE

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFF'S MOTION TO
EXTEND THE TIME FOR SERVICE**

Plaintiff DEVON CURRIE moves this Honorable Court for its Order Extending Time for Service for 30 days, and would show:

1. Plaintiff filed the instant failure to protect action *pro se* on July 10, 2023, after receiving life-threatening injuries in an inmate-on-inmate attack.

2. After substantial effort seeking out names of the Defendants, Plaintiff was able to determine only one name, which he understood to be "Sgt. McKinney." He named second person as "Jane Doe."

3. On June 7, 2024, undersigned counsel filed a notice of appearance in this case and a Fed.R.Civ.P. 45 subpoena to discover the names of the other corrections staff who were assigned to Plaintiff's Dorm.

4. On August 7, 2024, Plaintiff filed a motion to amend the first amended complaint naming additional defendants, Delisia Green and Sgt. Antoinette Patterson and correcting the name of Sgt. McKinney to Sgt. McKinnie.

1

5. On August 13, 2024, Plaintiff filed a motion to correct an error in his proposed Second Amended Complaint of August 7, 2024.

6. On September 20, 2024, after substantial briefing on Plaintiff's Motion to Amend, the Court granted Plaintiff's Motion.

7. On September 24, 2024, Plaintiff filed the Second Amended Complaint.

8. On September 25, the Court requested service copies of the Complaint.

9. On November 5, 2024, the Summons were returned unexecuted. Ofcr. Green and Sgt. Patterson no longer worked for the Department of Corrections.

10. On December 3, 2024, Plaintiff had discovered alternative addresses for Green and Patterson and requested that Summons be re-issued.

11. On December 5, 2024, Plaintiff sent the Summons to a process server with instructions as to the new alternative addresses on a Rush basis. However the server failed to note the alternative addresses and used the prison address.[1]

12. The new process server "non-served" the summons and Plaintiff, through counsel, re-iterated the directions to the alternative service addresses.

13. The new process server has not been responsive and as of December 20, 2024, announced they were closing for Christmas week.

14. Plaintiff has retained a second process server who has promised to serve the

---

[1] In order to avoid placing the alternative (home) addresses in the record, Plaintiff had the subpoenas issued for the work address but gave the process server instructions to serve at the alternative addresses, which they apparently failed to read.

summons on an expedited basis despite the Holidays.

15. Plaintiff, through counsel, has reached out to opposing counsel to confer as to any objections for this Motion by phone and e-mail but the office of opposing counsel has apparently also closed for Christmas week.

16. Time for service runs as of this date.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff submits that in this case, good cause for delay is shown where service would have been timely but for the process server's failure to read the instructions that the Summons be served at the alternative addresses.

Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). But "[e]ven in the absence of good cause, a district court has discretion to extend the time for service of process." *Id.*, *Days Inn Worldwide, Inc. v. B & P*

*P'ship, Ltd.*, 1:15-cv-2608-WSD, at *2-3 (N.D. Ga. Sep. 28, 2016). *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005); *see also Henderson v. United States*, 517 U.S. 654, 663, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (recognizing courts have been accorded the discretion to enlarge the time for service even in the absence of showing good cause).

In *Horenkamp*, a plaintiff mistakenly believed she had until March 26, 2004, to perfect service. On February 26, 2004, she sent a second request for waiver of service. Hearing nothing, she made formal service on defendant on March 24, 2004, twenty-nine days after the (then 120-day) time limit. The district court ruled that although the plaintiff had not shown good cause for failure to timely serve, good cause was not a requirement under the amended Rule 4(m). *Jackson v. Whitworth*, No. 1:04-CV-3181-JOF, at *8 (N.D. Ga. Mar. 23, 2006); *Oates v. Scotch Plywood Co.*, No. 2:19-00407-KD-N, at *3 n.5 (S.D. Ala. Oct. 1, 2020).

The notes to the 1993 Amendment to Rule 4 give as an example of a circumstance in which a district court's discretion would be justified in extending the time for service. The Committee noted that "Relief may be justified, for example, if *the applicable statute of limitations would bar the refiled action*,[2] or if the defendant is evading service or conceals a defect in attempted service." The Eleventh Circuit has held that when a complaint is dismissed without prejudice, but

---

[2] The case was late-received by counsel and filed on the fourth anniversary of decedent's death.

4

a statute of limitations bars a plaintiff from refiling the complaint, the dismissal will be considered as though it was with prejudice. *Powell v. Siegal*, 447 F. App'x 92, 93 (11th Cir. 2011). "Although the running of the statute of limitations . . . does not require that the district court extend time for service of process under Rule 4(m), it [is] incumbent upon the district court to at least consider this factor" in deciding whether to exercise its discretion." *Lepone-Dempsey*, 476 F.3d at 1282.

A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013). If the Rule 12(b)(5) motion meets these requirements, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). Importantly, "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff," *id*., and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process," *Hollander v Wolf*, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); *see Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012). *Peddie v. Incomm*, 1:17-cv-4405-WSD-JSA, at *5 (N.D. Ga. 2018).

5

WHEREFORE, Plaintiff moves to extend time for service by 30 days.

Respectfully submitted, *s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747; (786) 842-4430 (fax)
josh@tarjanlawfirm.com

ATTORNEYS FOR PLAINTIFF

I CERTIFY that I have sought to confer with opposing counsel by phone and e-mail and found that he is not reachable, but Plaintiff will update this Motion with any objection if received.

I CERTIFY the foregoing was filed electronically on 12/24/24, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

*/s/James V. Cook*

6