UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                            Case No. 5:23-cv-183-TKW/MJF

MICHELLE MCKINNIE, *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff filed a motion to extend the time for service pursuant to Federal Rule of Civil Procedure 4(m). Doc. 80. Because a permissive extension of time is warranted, the undersigned will grant Plaintiff an additional thirty-days from the date of this order to serve Defendants Antoinette Patterson and Delisia Green.

### I. BACKGROUND

On September 24, 2024, Plaintiff filed a second amended complaint. Doc. 52. On October 23, 2024, the undersigned ordered the United States Marshals Service to mail a summons and the second amended complaint to the special process server at Apalachee Correctional Institution to

serve Patterson and Green. Doc. 68. On November 5, 2024, the summonses were returned unexecuted. Docs. 70 & 71.

Subsequently, Plaintiff's counsel discovered alternative addresses for Patterson and Green. Doc. 80 at 2. On December 4, 2024, the clerk of the court reissued the summonses, and Plaintiff's counsel hired a special process server to serve Patterson and Green. Docs. 74, 75, & 80. Plaintiff's counsel requested that the summonses reflect Patterson and Green's respective work addresses versus their personal addresses, but included the personal addresses with special instructions to serve Defendants at their respective personal addresses. Doc. 80. Apparently the process server failed to effect service. *Id.*

On December 24, 2024, Plaintiff's counsel hired a new process server, and service of process is to be completed within thirty days. *Id.* at 6. Plaintiff is requesting a thirty-day extension of the deadline to serve Patterson and Green. *Id.*

## II. DISCUSSION

"The plaintiff . . . is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the

Federal Rules of Civil Procedure. *Fitzpatrick v. Bank Of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014). Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for his failure to timely serve a defendant, the court must extend the deadline. *Id.* Even in the "absence of good cause," a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Plaintiff does not satisfy Rule 4(m)'s good cause requirement. *See generally Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987). Nevertheless, a permissive extension of deadline to effect services is warranted. There is a "strong preference for deciding cases on the merits" and Plaintiff has been actively prosecuting this action. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

### III. Conclusion

Accordingly, it is **ORDERED:**

1. Plaintiff's motion to extend time for service, Doc. 80, is **GRANTED**. On or before **January 22, 2025,** Plaintiff shall serve the summons and complaint on Defendants Antoinette Patterson and Delisia Green.

2. Plaintiff's failure to comply timely with this order likely will result in the dismissal of Plaintiff's claims against Patterson and Green for lack of personal jurisdiction and failure to effect service of process timely.

**SO ORDERED** this 24th day of December, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**