# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

    Case No. 5:23-cv-00183-TKW/MJF

MICHELLE MCKINNIE, *et al*.

    Defendants.

## UNOPPOSED EMERGENCY MOTION[1] FOR AUDIOVISUAL EVIDENCE REVIEW BY REMOTE VIDEO (ZOOM) AND PERMIT PERCIPIENT INMATE WITNESSES TO VIEW STAFF PHOTOS FOR IDENTIFICATION

    Plaintiff, DEVON CURRIE, moves this Honorable Court for its Order enabling Plaintiff to review audiovisual evidence by video link (Zoom), and to permit Plaintiff and other percipient inmate witnesses to view (without possessing) Florida Department of Corrections (FDC) staff photos for identification purposes, and would show Defendants and FDC do not object to the Motion, and would show:

    Plaintiff is an inmate at Jackson Correctional Institution. On June 27 and November 5, 2024, counsel for Plaintiff received staff photos for witness identification from FDC and would need the Court's Order amending its Protective Order to permit viewing of staff photos for identification by inmate percipient witnesses prior to Plaintiff's response to Defendants' Summary Judgment Motion.

---

[1] This Motion is Styled as an **Emergency Motion** because the issues were just resolved to secure the non-objection of the parties and FDC. Plaintiff needs to review staff photographs prior to responding to Defendants' Motion for Summary Judgment on January 17, 2025.

1

Plaintiff also seeks to set up a review of the evidence by Zoom video link. Historically, review of audiovisual evidence has been done in person with the plaintiff's lawyer entering the prison with a laptop and digital media on disk or a flash drive or, alternatively, with disk or drive with the evidence media where the facility prison facility provided a computer or other means of viewing.

Prison administrators often had security concerns over approving outside computer equipment to come through prison gates. Sometimes, when the facility supplied the means of viewing audiovisual evidence, there was a mis-match between the audiovisual media and the viewing equipment (computer, operating system, video software) by which the media was to be viewed.

As in many other areas, new video link technology is able to resolve those concerns. Increasingly, inmate plaintiffs have been able to handle depositions and mediations remotely through the Zoom application. It appears that all or virtually all Florida prisons now have that capacity. Undersigned counsel recently was able to conduct his first review of evidence by Zoom with the permission of the court. The Zoom application is well-suited to audiovisual evidence. However, for his first Zoom evidence review, the undersigned was requested to provide a Court Order.

In the previous evidence review, it was agreed by the parties and FDC that such orders could be "permissive" and not necessarily "mandatory." In other words, it would suffice to state that visual media may be reviewed by remote means to the extent that time and facilities are available for that purpose. In that case, the evidence review process went smoothly and no one expressed any concerns.

In this case, there are no longer any video recordings of events, however Plaintiff has received staff photographs for witness identification. Since the identification of FDC staff has become a critical issue in this case, Plaintiff seeks by this Order to permit review of (without possessing) staff photographs by Plaintiff and other percipient inmate witnesses, as needed.

WHEREFORE, Plaintiff moves this Honorable Court for an Order to the effect that Plaintiff may review audiovisual evidence by remote means to the extent that the facilities and time are available at the institution and extend to Plaintiff and other percipient inmate witnesses permission to view FDC staff photographs for identification (but not to physically possess such photos).

Respectfully Submitted,   */s/ James V. Cook*
JAMES V. COOK (FBN 0966843)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*Attorney for Plaintiff*

I CERTIFY that I have conferred in good faith with FDC counsel and opposing counsel and counsel do not object to this Motion.

I CERTIFY the foregoing was filed electronically on 1/9/2025, serving counsel registered with the CM/ECF electronic filing system and FDC counsel by e-mail.

*/s/James V. Cook*