**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DEVON CURRIE
DOC# A51859,**

       **Plaintiff,**

**v.**                        **Case No.: 5:23-cv-183-TKW/MJF**

**MCKINNIE, ET AL.,**

       **Defendants.**
_____/

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

    **McKinnie** ("Defendant"), through counsel, Replies to Plaintiff's Response to Defendant's Motion for Summary Judgment pursuant to N.D. Fla. Loc. R. 56.1(D). Defendant states the following in Reply:

**<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

    Defendant restates and re-alleges the summary of Plaintiff's claims and Statement of Undisputed Material Facts contained within Defendant's Motion for Summary Judgment ("MSJ"). (Doc. 78 at 1-10).[1]

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

<u>**MEMORANDUM OF LAW**</u>

If there is clear evidence contrary to Plaintiff's allegations, then a genuine dispute of material fact does not exist. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (stating that if "two parties tell different stories [where one] is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Plaintiff's Response to Defendant's Motion for Summary Judgment addresses each of Defendant's arguments and attempts to create disputes of fact or present facts in a manner intended to manipulate the situation. Plaintiff's attempts rely almost exclusively on inadmissible evidence and reliance on the fact that Defendant could not refute much of Plaintiff's allegations because she was not present during the July 20, 2022, incident. Plaintiff's unsuccessful attempts to create disputes of fact are addressed below.

**I.    Plaintiff relies almost exclusively on inadmissible evidence to create a dispute of fact as it relates to the elements he must prove.**

Defendant has already objected to several pieces of evidence that Plaintiff presents which are inadmissible and should not be considered. *See* (Doc. 101). The objections relate to (Docs. 90-3; 90-4), and several hearsay statements purportedly

made by "gang members" or "Latin Kings." *Id*. As detailed in Defendant's Objections, none of the evidence should be considered.

## II.    Plaintiff abandons any claim relating to Defendant's failure to protect or intervene as it relates to the first fight.

Within Defendant's Motion for Summary Judgment, Defendant points out at length that Plaintiff fails to state a cause of action relating to failure to protect or intervene as it relates to the first fight on July 20, 2022. (Doc. 78 at 20-21, 24-25). Plaintiff makes no attempt to even refute Defendant's argument related to the first fight and as a result has abandoned any claim related to it.

## III.    Plaintiff fails to state a cause of action for interference with medical treatment.

Plaintiff does not meaningfully address Defendant's Motion for Summary Judgment as it relates to interference with medical treatment. Within Plaintiff's Response, Plaintiff only states that

> Defendant McKinnie was confronted by Plaintiff with actively bleeding wounds inflicted only minutes earlier, asking for protection. He had no way to reach safety and needed care except through her.

(Doc. 92 at 21). Even though Plaintiff did testify that he had bleeding wounds, Plaintiff was explicit during his deposition that he did not need immediate medical attention. (Doc. 78-2 at 43-45). There was no substantial risk of harm related to Plaintiff's alleged injury after the first fight and certainly, Defendant did not

appreciate any such risk given that Plaintiff never complained about his injuries. *See* (Doc. 78 at 26-27).

Additionally, Plaintiff does not address Defendant's argument related to the second fight. Defendant points out, and it is entirely undisputed, that Plaintiff was immediately taken to medical, and later the hospital, once support staff arrived. (Doc. 78 at 27). Plaintiff received treatment after the second incident, and as a result, cannot state a cause of action.

## IV. Plaintiff fails to demonstrate a claim for deliberate indifference as it relates to Plaintiff's remaining claims.

Plaintiff additionally fails to demonstrate a cause of action for deliberate indifference. Plaintiff's claims fail on both the objective and subjective components required to state a cause of action for deliberate indifference. *See Cox v. Nobles*, 15 F. 4th 1350, 1357-58 (11th Cir. 2021). *See also Wade v. McDade*, 106 F. 4th 1251, 1253 (11th Cir. 2024) (defining the subjective element of deliberate indifference which is required in addition to the objective element).

A. Plaintiff fails to demonstrate an objectively serious risk of harm.

In demonstrating a substantial risk of serious harm, Plaintiff relies on three purported facts: (1) "the number of violent criminals in the dorm, some with homicidal histories;" (2) "the loud, repeated, aggressive verbal threats by Latin Kings to Mr. Currie to 'check in' – which were heard by McKinnie and Green;"

4

and (3) the fact that during count the officers could see that Mr. Currie had already been injured." (Doc. 92 at 23-24). Plaintiff's alleged facts do not demonstrate an objectively serious risk of harm.

As it relates to the first alleged fact, Plaintiff essentially argues that prisons house dangerous individuals,[2] and as a result, a substantial risk exists. *See* (Doc. 92 at 23). In reliance on his position, Plaintiff cites to *Nelson v. Tompkins*, 89 F. 4th 1289, 1306 (11th Cir. 2024) and describes the prison sentences of several individuals in the dorm – two of which, Chad Shaw and Michael Marceau, were not even involved.

In reviewing the citation relied upon by Plaintiff, the citation refers to a concurring opinion authored by Judge Carnes which does include the string cite provided by Plaintiff. *See Nelson*, 89 F. 4th at 1306. However, reading the **next two paragraphs** in the concurrence demonstrates that Plaintiff's position is entirely without merit. *Nelson*, 89 F. 4th at 1307 ("Given all of those decisions, our circuit law does not suggest, let alone establish, that any time an inmate assaults another inmate . . . some prison official in some way violated the Constitution. . . .

---

[2] Tellingly, when making this argument, Plaintiff does not even mention himself. Plaintiff is serving two life sentences for Burglary with an assault and Robbery with a gun or deadly weapon, (Doc. 78-1), after being convicted by a jury on all counts. *See* (Exhibit LL). Based on Plaintiff's convictions, he fits right in with the other referenced individuals in the dorm.

Despite what the other concurrence suggests, victims of assault in jail are not entitled to 'heightened protections.'"). *See also Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (determining that a challenged condition must be "extreme."). The case relied upon by Plaintiff does not demonstrate that because prisons house dangerous individuals, a substantial risk necessarily exists.

Second, Plaintiff's second fact relying upon the "the loud, repeated, aggressive verbal threats by Latin Kings to Mr. Currie to 'check in'" likewise does not demonstrate an objective risk of harm. The statements relied upon by Plaintiff are hearsay and are not admissible. *See* (Doc. 101 at 5). However, even if the statements are considered, statements indicating that Mr. Currie needed to "check-in" do not demonstrate that Plaintiff was at a substantial risk of harm. The statements do not demonstrate a level of "extreme" conditions that would lead to a violation of the Eighth Amendment. *Chandler*, 379 F.3d 1289.

The only fact that is worth consideration is the allegation from Plaintiff that he was bleeding after having just been in a fight. *See* (Doc. 92 at 23-24). However, the fact that Plaintiff was bleeding does not, in and of itself, demonstrate a substantial risk of harm, especially considering that Plaintiff was unconcerned with going to medical. *See* (Doc. 78-2 at 43-45). Plaintiff's injuries did not demonstrate a substantial risk of harm.

6

B. Plaintiff fails to demonstrate the subjective component of deliberate indifference.

Plaintiff also fails to demonstrate the subjective component of deliberate indifference. Recently, the 11ᵗʰ Circuit clarified that the subjective component requires,

> [T]hat the defendant acted with "subjective recklessness as used in criminal law," and that in order to do so, the plaintiff must demonstrate that the defendant actually knew that his conduct – his own actions or omissions – put the plaintiff at substantial risk of serious harm. We add the caveat, likewise prescribed by *Farmer*, that even if defendant "actually knew of a substantial risk to inmate health or safety," he cannot be found liable under the Cruel and Unusual Punishments Clause if he "responded reasonably to th[at] risk.

*Wade*, 106 F. 4th at 1253 (en banc) (internal citations removed). *See also Farmer v. Brenna*, 511 U.S. 825, 839 (1994); *Terry v. Baily*, 376 Fed. App'x 894, 895-96 (11th Cir. 2010). Plaintiff does not demonstrate the required standard.

While Defendant's Motion for Summary Judgment was being drafted, Defendant did not have the benefit of knowing what happened on the date as she was not present during the July 20, 2022, incidents. *See* (Doc. 78 at 16-18).

However, an officer who was present, Defendant Delishia Green ("Green"), has provided a declaration about what occurred on the date from the perception of the booth. *See* (Doc. 89-1). The declaration was executed after Plaintiff served Green and an appearance was filed in this case on her behalf. *Id.*; (Doc. 87). The

declaration was also filed *prior to* Plaintiff's Response being due. *Compare* (Doc. 89-1) *with* (Doc. 92). Plaintiff does not address Green's declaration in his Response, and as a result, Green's declaration is entirely unrebutted as her point of view is unique. Neither Plaintiff nor any other witness has personal knowledge of any fact that would rebut her testimony.

Within her declaration, Green describes that at the time of the incident she was the only officer present (though for purposes of this Reply, Defendant assumes McKinnie may have been present as well), and she, nor any other officer perceived the first fight. (Doc. 89-1 at ¶ 4). However, Green observed that Plaintiff's dorm was being disruptive right before count was to begin, and based on her observation, she radioed command to be on standby. *Id*. at ¶ 5. Green then conducted count, and shortly after she finished count of Plaintiff's dorm, the second incident began. *Id*. at ¶ 6. Based on the second incident, she immediately initiated the Incident Command System ("ICS") to report the fight and request assistance. *Id*.

Green further details that she could not leave the officer station to break up the fight, and if a second officer was with her, the other officer could not intervene until sufficient staff were present. (Doc. 89-1 at ¶¶ 7-9). *See also* (Doc. 78-35 at ¶¶ 4-10).

Plaintiff does not demonstrate that Defendant was subjectively reckless. As detailed by Green, no officer in the officer station was aware of the first fight. (Doc. 89-1 at ℙ 4). However, after noticing the disruptive nature of Plaintiff's dorm, Green acted but continued her duties. *Id*. at ℙ 5. After finishing count, and the fight began, Green once again acted. *Id*. at ℙ 6. Additional officer support then arrived, *see* (Doc. 78-30 at 3),[3] and Plaintiff was medically treated. (Doc. 78-2 at 33-34).

The description of the unrebutted events from Green's perspective clearly demonstrates that the Officer's Station was not aware of the first fight, but when the Station became aware of a substantial risk of serious harm, reasonable actions were taken. *Wade*, 106 F. 4th at 1253. As a result, Plaintiff fails to state a cause of action against Defendant, Plaintiff's claims against her should be dismissed.

## CONCLUSION

**WHEREFORE**, Defendant request that this Court find that Plaintiff has not raised any issue of disputed Material Fact, and grant her Motion for Summary

---

[3] Within his unsworn declaration that should not be considered, *see* (Doc. 101 at 4), Plaintiff indicates that, "[j]udging by the time it took for the Rapid Response Team to arrive, no one immediately called for backup." (Doc. 90-4 at ℙ 11). Plaintiff's assertion is conclusory and incorrect. The length of time of the response appears to have been within 10 minutes as the next indication on the Housing Unit Log is at 10:30 PM and indicates that security is back to normal. (Doc. 78-30 at 3). There is no indication that a response time of less than 10 minutes is anything out of the ordinary for the situation officers found themselves confronted with.

Judgment.

Respectfully Submitted,

**JOHN M. GUARD**
**ACTING ATTORNEY GENERAL**
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment* was e-filed electronically and served electronically on Plaintiff's counsel of record through CM/ECF on January 31, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

10

## <u>CERTIFICATE OF COMPLIANCE WITH WORD LIMIT</u>

**I HEREBY CERTIFY** that the above Reply and Supporting Memorandum

totals **1,808** words not exceeding 3,200 total words as required by N.D. Fla. Loc.

R. 56.1(D).

/s/ Erik Kverne

Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com