IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEVON CURRIE**
**DOC# A51859,**

    **Plaintiff,**

v.                                             Case No.: 5:23-cv-183-TKW/MJF

**MCKINNIE, ET AL.,**

    **Defendants.**
_____/

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

**McKinnie**, ("Defendant"), hereby objects, pursuant to Federal Rule of Civil Procedure 56(c)(2), to Exhibits and purported evidence Plaintiff utilizes in support of his Response to Defendant's Motion for Summary Judgment, *e.g.* (Docs. 90-3, 90-4),[1] on the following grounds:

## PROCEDURAL HISTORY

1. On December 11, 2024, Defendant filed her Motion for Summary Judgment ("Motion"), supported by Exhibits. (Doc. 78).

2. On January 13, 2025, Defendant supported her Motion with a declaration from her co-defendant Green after service was conducted. *See* (Doc. 89).

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

3. Based on the filing of Defendant's Motion, Plaintiff filed his Response to Defendant's Motion on January 17, 2025. (Doc. 92). Plaintiff also supported his Response with several Exhibits.

## OBJECTIONS TO EVIDENCE PRESENTED BY PLAINTIFF

1. Defendant objects to (Doc. 90-3) as being inadmissible hearsay.

2. Defendant objects to (Doc. 90-4) being inadmissible for consideration as it is an unsigned declaration detailing statements not made under oath.

3. Defendant objects to Plaintiffs reliance, throughout his Response to Defendant's Motion, on hearsay statements purportedly made by "gang members" or "Latin Kings." *See e.g.* (Doc. 92 at 8, 11, 23).

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure allow parties to object to facts that are not supported by admissible evidence. Fed. R. Civ. P. 56(c)(2). The 11th Circuit has also instructed that evidence can only be considered on a Motion for Summary Judgment if it can be reduced to an admissible form at trial. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). The Eleventh Circuit clarified its earlier rulings on this point by indicating that their cases applying *Celotex* read *Celotex* "as simply allowing *otherwise admissible evidence* to be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996). As

a result, Defendant objects to several pieces of evidence provided by Plaintiff which are intended to support his Response to Defendant's Motion.

I. **Defendant objects to (Doc. 90-3) as inadmissible hearsay.**

In support of his Response to Defendant's Motion for Summary Judgment, Plaintiff provides a declaration from one of his attorneys which attests to an alleged identification of Defendant as being the same McKinnie referenced during his deposition. *See* (Doc. 90-3). The statements included within the document are hearsay because they are statements made to prove the truth of the asserted (namely that Plaintiff identified McKinnie) and do not fall under any exception of the Federal Rules of Evidence.

The only way that the declaration could be reduced to an admissible form would be for Plaintiff's attorney to testify at trial. It is possible that Plaintiff's attorney may choose to do so, but in doing so, he likely creates a conflict of interest for himself in this case and exposes himself to cross-examination. Absent trial testimony as a witness from Plaintiff's attorney, the declaration is inadmissible hearsay and should not be considered.

Moreover, the declaration appears to be a substitute for actions taken and likely statements made by Plaintiff based on his unsworn declaration. *See* (Doc. 90-4). Defendant separately objects to Plaintiff's unsworn declaration, *see* Section II, *supra*, and the declaration of Plaintiff's attorney should not be a substitute for

Plaintiff's testimony.[2]

### II. Defendant objects to (Doc. 90-4) being considered.

Defendant also objects to (Doc. 90-4) being considered as part of the evidence related to Defendant's Motion for Summary Judgment. Plaintiff presents (Doc. 90-4) as a declaration attesting to several facts which were not addressed during his deposition. *See Id.* Defendant objects to the declaration because it does not satisfy the requirements 28 U.S.C. § 1746 (2025). Though Plaintiff's purported declaration contains the necessary language required by statute, the document is not signed or dated. *See* (Doc. 90-4 at 3). The 11th Circuit has been explicit in holding that unsworn statements may not be considered in evaluating a motion for summary judgment. *Roy v. Ivy*, 53 F. 4th 1338, 1347 (11th Cir. 2022) (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003).

Even though the document is purported to be created by Plaintiff, without the necessary signature and date, Plaintiff's declaration should not be considered as evidence. *Roy*, 53 F. 4th at 1349-50. As a result, (Doc. 90-4) should not be considered as evidence in response to Defendant's Motion for Summary Judgment.

---

[2] If the statements included in the declaration were against Plaintiff's interest, they would be admissible. *See* Fed. R. Evid. 801(c)(2). However, the statements included in the declaration are intended to *bolster* Plaintiff's testimony, and as a result, are inadmissible hearsay.

**III.    Defendant objects to Plaintiff's reliance on hearsay statements to demonstrate his cause of action.**

Throughout Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff relies on statements from unnamed "gang members" or "Latin Kings" to support his position that he states a cause of action. *See e.g.* (Doc. 92 at 8, 11, 23). More specifically, Plaintiff alleges that the unnamed individuals were explicit in saying that Plaintiff needed to "check-in" or yelled specific threats to Plaintiff which purportedly could be heard by Defendant. *Id*. The statements relied upon by Plaintiff are hearsay and should not be considered.

The statements referenced by Plaintiff are being utilized to prove that Plaintiff was being threatened and support his contention that he needed protection. *See e.g.* (Doc. 92 at 8, 11, 23). The purported statements do not fit into any hearsay exception under the Federal Rules of Evidence. Likewise, the statements have not been attributed to any single person, and no individual, over the course of nearly 20 depositions, has taken credit for the statements that Plaintiff purports were said. There is no reliability in the accuracy of the alleged statements and even more problematic, it is speculative to attribute the statements to anyone or group. As Plaintiff does not attribute the statement to any person, and the statements are hearsay, the purported evidence should not be considered.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court decline to

consider the evidence referenced in these Objections.

                                  Respectfully submitted,

**JOHN M. GUARD**
**ACTING ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Objections to Plaintiff's Evidence* was e-filed electronically and served electronically on Plaintiff's counsel of record through CM/ECF on January 31, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com