UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

MICHELLE MCKINNIE, *et al.*

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO PLAINTIFF'S EVIDENCE (Doc. 101)**

Plaintiff responds to Defendant Michelle McKinnie's Objections To Plaintiff's Evidence (Doc. 101), and states:

**Procedural History**

1. On December 11, 2024, Defendant McKinnie ("Defendant") filed a Motion for Summary Judgment ("Motion"), supported by Exhibits. (Doc. 78).

2. On January 13, 2025, McKinnie supported her Motion with a declaration from co-defendant Green after service was conducted. (Doc. 89-1).

3. On January 17, 2025, Plaintiff filed his Response to the Motion ("Response") and unverified declaration (Docs. 92, 90-4).

4.  On January 31, 2025, McKinnie filed Defendant's Objections To Plaintiff's Evidence, pursuant to Fed. R. Civ. P. 56. (Doc. 101), specifically moving to exclude (i) Plaintiff's attorney's declaration (Doc. 90-3), (ii) Plaintiff's unsigned declaration (Doc. 90-4), and (iii) statements purportedly hearsay, made by "gang members" or "Latin Kings," referenced in Plaintiff's Response (Doc. 92) to McKinnie's Motion.

## Memorandum Of Law

### I. Plaintiff's counsel's declaration (Doc. 90-3) is admissible because counsel could testify as to Plaintiff's photographic identification of Green so long as Plaintiff testifies.

On January 14, 2025, Plaintiff's counsel remotely, via Zoom, showed Mr. Currie Florida Department of Corrections-issued photographs of Sgt. McKinnie and Officer Green. Reviewing the photos, Mr. Currie identified McKinnie and Green as the officers who failed to protect him at the time of the incident that is the subject of this lawsuit, July 20, 2022. (*See* Doc. 90-3).

One of Mr. Currie's attorney, Mr. Tarjan, prepared and filed a declaration regarding Mr. Currie's identifications (*id.*), in support of Plaintiff's Response to the Motion.

Fed. R. Evid. 801(d)(1)(C) provides that a declarant-witness's prior statement is not hearsay if the declarant testifies and is subject to cross-

2

examination about the prior statement, and the statement "identifies a person as someone the declarant perceived earlier."

A witness to the declarant's identification of someone in a photograph—such as a photo lineup in a criminal case—may testify about the declarant's identification, provided that the declarant is available to testify and be cross-examined. *See, e.g., United States v. Cueto*, 611 F.2d 1056, 1063 (5th Cir. 1980) (FBI agent who had shown photographs to witness was permitted to testify as to the witnesses' identification of defendant); *United States v. Harden*, 469 F.2d 65 (5th Cir. 1972), cert. denied, 410 U.S. 985 (1973) (FBI agent's statement that the defendant was the person portrayed in the photograph that the witness identified was permissible). "[An] agent's statement corroborating the witness's testimony that he identified the photograph that the agent showed him is not hearsay." *Cueto*, 611 F.2d at (5th Cir. 1980) (citing *United States v. Lewis*, 565 F.2d 1248, 1250-52 (2d Cir. 1977), cert. denied, 435 U.S. 973 (1978)). *See also Woodrup v. People*, 63 V.I. 696, 718 (2015) (approving and quoting *Cueto*, 611 F.2d at 1063 (a law enforcement agent's "statement that the defendant was the person portrayed in the photograph that the witness identified is also permissible" under Rule 801(d)(1)(C))).

Note that the Federal rule is effectively identical to Florida's evidentiary identification rule: "A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is […] [o]ne of identification of a person made after perceiving the person." § 90.801(2)(c), Fla. Stat.

Persuasively, the Florida Supreme court opined, "In addition to the testimony of the person who made the prior identification, section 90.801(2)(c) makes admissible the testimony of a witness who was present at the time of the identification so long as the person making the identification testifies during the trial and is subject to cross-examination concerning the identification." *Joseph v. State*, 336 So. 3d 218, 234 (Fla. 2022) (quoting Charles W. Ehrhardt, Florida Evidence § 801.9, at 992-93 (2017 ed.)).

Here, counsel's testimony regarding Mr. Currie's identification of the defendants by photographs is admissible at trial so long as Mr. Currie testifies subject to cross-examination. Plaintiff agrees with Defendant that "[t]he only way that the declaration could be reduced to an admissible form would be for Plaintiff's attorney to testify at trial." (Doc. 101 at 3).

But Defendant goes on to claim that such testimony by the attorney "likely creates a conflict of interest for himself in this case and exposes

4

himself to cross-examination." (*Id.* at 3). This question of a conflict seems to be the basis of Defendant's objection. Regardless—and Defendant provides no authority or exegesis on the subject of a possible conflict—Plaintiff's attorney *could* and *may* testify, as long as Mr. Currie testifies. Mr. Tarjan's declaration is thus reducible to an admissible form and may be contemplated as part of Plaintiff's response to the Motion.

**II.   Because Defendant filed a supplemental declaration after her Motion deadline, the Court should accept Plaintiff's verified declaration, which was filed after his Response deadline, in the interest of fairness and justice.**

On January 17, 2025, Plaintiff's counsel filed (as an exhibit to the Response) Mr. Currie's unsigned declaration which counsel uploaded as "Declaration of Devon Currie (awaiting return of verification)." (*See* docket entry for Doc. 90-4). Defendant objects to the fact that the declaration is unsigned.

However, on February 3, 2025, Plaintiff's counsel filed a "Notice of Substitution of Verified Declaration of Plaintiff" with the same declaration now signed by Mr. Currie on January 16, 2025. (Doc. 102).

Defendant's Motion was due December 10, 2024. (*See* Doc. 77).

Just as Defendant McKinnie filed a declaration (Doc. 89) in support of her Motion after the Motion deadline, Plaintiff's counsel filed Plaintiff's verified declaration after their deadline for the Response (Doc. 102).[1]

Given that Defendant filed a supplementary declaration after her deadline, Plaintiff requests the court similarly honor his subsequently filed declaration, in the interest of promoting fairness and justice.

However, were the Court to disallow Plaintiff's declaration, verified or unverified, Plaintiff's Response would yet be effective. Plaintiff's declaration is refenced but once in the Response, to show that Plaintiff identified McKinnie and Green and confirmed they were the officers who failed to intervene. (Doc. 92 at 8-9, fn. 9). Even without Plaintiff's identification, the Response still stands. McKinnie admitted conducting count in P-Dorm. (Doc. 92 at 9). And witness Howard Chandler-Smith testified that Green performed the first count, (*Id.* at 10 (citing Ch.-Sm. Dep. at 23:24-24:3)), and McKinnie did the second count (*Id.* at 12 (citing Ch.-Sm. Dep. at 24:4-10)).

---

[1] Plaintiff is a state prisoner. He and his attorneys cannot email documents to one another. The messaging system prisoners use to communicate with the outside is monitored by prison officials, and thus not usable by attorneys seeking to maintain attorney-client privilege and confidentiality. And prison classification officers cannot be expected to scan and email a prisoner's documents to the attorneys. Documents must almost always be transmitted through US mail (marked as Legal Mail).

### III. Statements made by "gang members" or "Latin Kings" are not hearsay because they are admissible threats.

Threats are verbal acts and not inadmissible as hearsay, when not introduced to prove their truth. *See United States v. Pate*, 543 F.2d 1148 (5th Cir. 1976) (Testimony concerning threats allegedly made by defendant against government witness was not inadmissible as hearsay, since threats were verbal acts and evidence concerning them was not introduced to prove their truth).

*See also United States v. Feliz*, 794 F.3d 123, 132 (1st Cir. 2015) (witness testimony that officer made threats was not inadmissible as threat was not offered for truth of the matter) (citing Fed.R.Evid. 801(c) advisory committee's note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); *United States v. Bowles*, 751 F.3d 35, 40 (1st Cir.2014) (characterizing threats as "verbal acts that are not hearsay" (citing *United States v. Diaz*, 597 F.3d 56, 65 n. 9 (1st Cir.2010))); *United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir.1999) ("Statements offered as evidence of ... threats ..., rather than for the truth of the matter asserted therein, are not hearsay."); *United States v. Walker*, 665 F.3d 212, 230–31 (1st Cir.2011)).

7

Here Defendant generally cites to Plaintiff's Response (Doc. 92) at pages 8, 11 and 23 for examples of such statements:

Page 8: (i) "The gang members were yelling out, saying, 'Gays got to get on the door, got to […] check in, got to get out of here.'" and (ii) "[T]he gang members were standing around yelling that Currie needed to get out of the dorm."

Page 11: "The Latin Kings were yelling, 'You all gays got to get out and get on the door. You all got to get up out of here. You all got sign into protective custody.'"

Inmates do not make the rules in prison, so obviously these statements are not provided for the truth that Mr. Currie and other gays were required to leave. Rather, they were threats. Plaintiff offers these statements to show not that "Gays" really did have to leave the dorm, but that Mr. Currie was threatened and needed protection, and that Sergeant McKinnie and Officer Green heard these threats but did nothing.

Defendant also cites to Response page 23, which mentions "the loud, repeated, aggressive *verbal threats* by the Latin Kings to Mr. Currie to 'check in.'" (Emphasis added.) By citing to this example (the only statement on that page), Defendant acknowledges that Plaintiff is clearly identifying the gang members' statements as threats.

8

Finally, one statement by the gang members is also admissible as a question.

Response page 13 states that inmate "YG then stood up and said 'What's up? You, you getting on the door or let's rock out.'" This statement is admissible both as a threat and as a question.

Questions, being neither true nor false, are not offered to prove the truth of the matter asserted and, therefore, are not hearsay. *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1567 (D.N.M. 1994); *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir.1990) ("While 'assertion' is not defined in the rule, the term has the connotation of a positive declaration.... The questions asked by the unknown caller, like most questions and inquiries, are not hearsay because they do not, and were not intended to, assert anything."); *Bolen v. Paragon Plastics, Inc.*, 754 F.Supp. 221, 225 (D.Mass.1990) ("According to the very definition of hearsay, an inquiry is not an assertion, and therefore does not constitute hearsay."); *United States v. Vest*, 842 F.2d 1319, 1330 (1st Cir.), cert. denied, 488 U.S. 965 (1988) (Statements of declarant during telephone call between declarant and witness, which were merely questions to witness, were not hearsay, since they were not offered to prove the truth of matter asserted.).

The gang members' statements to Mr. Currie that he needed to leave are threats, and in one case also a question, and are admissible because they are not offered to prove the truth of the matter.

## Conclusion

For the foregoing reasons, Plaintiff's attorney's declaration (Doc. 90-3), Plaintiff's signed declaration (Doc. 102 at 2-4), and the statements made by "gang members" or "Latin Kings" should be deemed admissible and considered by this Honorable Court when ruling on Defendant's Motion for Summary Judgment (Doc. 78) and Plaintiff's Response (Doc. 92).

Respectfully submitted on February 11, 2025,

*/s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Co-counsel for Plaintiff*

## CERTIFICATION PURSUANT TO L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 1,795 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

*/s/ Joshua Tarjan*