IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE
DOC# A51859,

    Plaintiff,

v.                              Case No.: 5:23-cv-183-TKW/MJF

MCKINNEY, ET AL.,

    Defendants.
_____/

## DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS

**McKinnie** and **Green** ("Defendants" or individually by name), by and through undersigned counsel, hereby motions this Court for leave to file a Motion for Judgment on the Pleadings. Defendant desires to file a Motion for Judgment on the Pleadings for the following reasons:

## STATEMENT OF FACTS

On February 13, 2024, this Court issued an Order related to service of Defendant McKinnie. (Doc. 16)[1]. Within this Court's Order, this Court indicated that

The parties shall not file pretrial motions that seek to dismiss or

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

preclude a particular remedy or demand for relief – such as punitive damages. The parties may move for limitations on particular remedies and recovery after the District Court has adjudicated all dispositive motions.

(Doc. 16 at ¶ 8).[2] *See also* (Doc. 68 at ¶ 9).

On February 6, 2025, Green filed a Motion to Dismiss, and within the Motion to Dismiss, argued that Plaintiff was not entitled to punitive damages as a matter of law. *See* (Doc. 103). The Motion was filed without realizing that the language in the referenced Order was in effect in this case.

In response, this Court struck Green's Motion and required a new Motion to Dismiss to be filed. *See* (Doc. 104). On the same date as this Court's Order, Green filed a Motion to Dismiss without the punitive damages argument, (Doc. 106), and McKinnie withdrew the same arguments included within her Motion to Dismiss and Motion for Summary Judgment so that she was not in violation of this Court's Order. (Doc. 105). McKinnie's Motion to Dismiss and Motion for Summary Judgment have

---

[2] Defendants take a moment to point out that the referenced language is potentially problematic as written since it forecloses several defenses often available to defendants in cases such as this one. Though not applicable in this case, the language appears to foreclose argument by a defendant that they are entitled to dismissal of a claim requesting damages against a defendant being sued in his official capacity for damages since such a defense would necessarily seek to "preclude a remedy or demand for relief" based on the theory of Eleventh Amendment Immunity. Likewise, also not applicable in this case, but the language would also seem to bar a defendant from arguing that compensatory damages are not available to a plaintiff in a PLRA suit when the plaintiff does not have a cognizable injury. Finally, the language would also seem to bar a defense that requests that improper injunctive relief be dismissed against a defendant.

2

already been briefed on the issue of punitive damages. *See* (Docs. 64 at 7-11; 92 at 36-39).

## **MEMORANDUM OF LAW**

Defendants desire to file a Motion to determine whether Plaintiff is entitled to punitive damages prior to trial. Defendants believe that the issue of punitive damages should not be presented to the jury due to the clear language of the PLRA and legal decisions surrounding the arguments intended to be presented by Defendants.[3] Defendants believe that the decision needs to be made *prior to* trial because if a trial is conducted and the availability of punitive damages *at trial* is not determined, Defendants may have waived the argument for later appeal or any post-trial motion if punitive damages are awarded.

However, Defendants are in a current position that they do not have the ability to raise the argument prior to trial. This Court has precluded Defendants from making the argument until after all dispositive motions have been resolved. *See* (Docs. 16 at ¶ 8; 68 at ¶ 9). During a previous case that recently went to trial, Defendants raised the issue of punitive damages on a Motion in Limine in a manner like what was suggested by this Court. *See* (Exhibit A at 4-12). However, the court denied Defendant's argument related to punitive damages because it was not

---

[3] Defendants acknowledge there is no case that supports their position. However, there also is no case that refutes Defendants' position.

3

properly raised in such a motion. (Exhibit B at ¶ 3(b)(i)). Undersigned counsel can proffer that during pre-trial conference when the Motions in Limine were being discussed, the court indicated that had the issue been raised on a previous dispositive motion – like a motion for summary judgment or motion to dismiss – the court would have ruled on the motion if the R&R denying the motion was objected to. Based on this Court's Order and the Order in the previous case, as well as the case law cited by the Order in the previous case, Defendants have no opportunity to raise the issue prior to trial.

As a result, Defendants request leave to file a Motion for Judgment on the Pleadings solely related to the issue of punitive damages. Defendants recognize that Motions for Judgment on the Pleadings are normally authorized under the Federal Rule of Civil Procedure "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). However, Defendants are attempting to avoid violating three of this Court's outstanding Orders.

Two of the Orders have already been referenced and bar Defendants from making the argument until dispositive motions are resolved. *See* (Docs. 16 at ¶ 8; 68 at ¶ 9). The third Order is this Court's Scheduling Order, which was later revised. *See* (Docs. 27 at ¶ 5(b); 42). This Court's Scheduling Order requires that "dispositive motions" be filed within a certain deadline dictated by the court. (Doc. 27 at ¶ 5(b)). Defendants believe that the proposed Motion for Judgment on the Pleadings

qualifies as a dispositive motion on the issue of punitive damages. As a result, to avoid violating this Court's outstanding Orders, Defendants request leave to file a Motion for Judgment on the Pleadings.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court provide them with leave to file a Motion for Judgment on the Pleadings solely related to the issue of whether punitive damages are available to Plaintiff.

**JOHN M. GUARD**
**ACTING ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3300
Facsimile: (850)488-4872

/s Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Motion for Leave to File Motion for Judgment on the Pleadings* was e-filed and served electronically through CM/ECF on Plaintiff's counsel of record on February 11, 2025.

/s Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion totals **1,014** words, not exceeding 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829

## **CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that undersigned counsel has conferred with Plaintiff's counsel of record pursuant to N.D. Local Rule 7.1(B) prior to the filing of this Motion. Plaintiff's counsel indicated that he does not believe that a motion for leave to file a motion for judgment on the pleadings is necessary and as a result appears to oppose this Motion.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Office of the Attorney General
