Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**NATHANIEL R. BRAZILL**
**DOC # W16443**,

      Plaintiff,

v.                           Case No. 5:21-cv-99-TKW/MJF

**JOHNATHAN JONES, ET AL.**,

      Defendants.

_____/

## DEFENDANT'S SECOND MOTION IN LIMINE

**Jones** ("Defendant"), by and through undersigned counsel, hereby respectfully move this Court to grant his Motion in Limine, seeking to exclude or limit certain evidence from the trial scheduled to begin on September 9, 2024. (Doc. 125). As grounds, Defendant states:

## STATEMENT OF FACTS

1.     On September 23, 2022, Defendant and former defendants filed a Motion to Dismiss. (Doc. 58). As part of the Motion to Dismiss, Defendant argued that Plaintiff's requested nominal damages amount should be reduced to $1 and that his requested punitive damages amount is excessive. *Id.* at 23-29.

2. On February 3, 2023, this Court issued a Report and Recommendation denying both arguments as not being ripe for determination at the time. (Doc. 78 at 39-41). This Court adopted the Report and Recommendation. (Doc. 83).

3. On December 4, 2023, Defendant and former defendants file a Motion for Summary Judgment. (Doc. 104). As part of the Motion for Summary Judgment, Defendant argued that Plaintiff's nominal damages amount should be reduced to $1 and that he is not entitled to punitive damages. *Id*. at 19-28.

4. On April 1, 2024, this Court issued a Report and Recommendation recommending that Defendant's arguments be denied due to the arguments not being ripe at the time. (Doc. 113 at 28). This Court adopted the Report and Recommendation. (Doc. 115).

## <u>MEMORANDUM OF LAW</u>

Courts have inherent authority to make evidentiary rulings to exclude proffered evidence before a trial begins. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *Luce v. U.S.*, 469 U.S. 39, 41 n. 4 (1984). Courts generally have found that this power rests in Federal Rule of Evidence 103(c). *Luce*, 469 U.S. at 41 n. 4.

Rulings regarding evidentiary matters are generally sought through motions in *limine*, which has been defined as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce*, 469 U.S. at 40 n. 1. For a court to grant a motion in *limine*, "the

movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *U.S. v. Gonzalez*, 718 F. Supp 2d. 1341, 1345 (S.D. Fla. 2010) (citing *In re Seroqui Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. 2009). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*.

In this case, Defendant believes that Plaintiff's request for nominal damages should be reduced to $1 based on Supreme Court precedent on the issue and the fact that such a request would deviate from the pattern jury instructions created by the 11th Circuit. Additionally, Defendant also argues that Plaintiff is not entitled to punitive damages based on case law interpreting the PLRA regarding prospective relief. Finally, Defendant argues that the requested amount of punitive damages by Plaintiff is excessive, and the request should be limited.

## I.   Plaintiff's request for nominal damages should be limited to $1.

As relief Plaintiff requests, "4. A monetary judgment against each Defendant individually awarding Plaintiff Brazill nominal damages in the amount of one hundred dollars ($100)." (Doc. 86 at 14). Plaintiff's relief is improper and should be limited to $1.

Normally, an award for nominal damages is of an amount equaling one dollar ($1). *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (stating that if "entitled to

3

recover nominal damages [they are] not to exceed one dollar."). This District has regularly held that "entitlement to bring a claim for nominal damages is not entitlement to bring a claim for damages in the amount of [Plaintiff's] choosing" and rather, that $1 is the appropriate amount for nominal damages. *Pierre v. Padgett*, 2017 WL 4768096, *6 (N.D. Fla. September 25, 2017) *Report and Recommendation adopted by Pierre v. Padgett*, 2017 WL 4765648 (N.D. Fla. October 17, 2017) (limiting the Plaintiff's claims to $1 in nominal damages and providing examples of other cases from the District in which Plaintiffs had their nominal damages limited to $1). *See also* 11th Circuit Pattern Jury Instruction 5.13 ("If [name of plaintiff] has failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00."). Plaintiff's case does not provide any unique or different allegations which would justify deviation from the normal $1 in recovery. As a result, Plaintiff's request for nominal damages in the amount of $100 should be reduced to $1.

## II.     Plaintiff's Request for Punitive Damages must be dismissed.

Punitive damages are statutorily barred. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1)(A) (2024). Moreover, to grant prospective relief, the Court must "fin[d] that such relief is narrowly drawn, extends no further than necessary to correct the

violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* Furthermore, the Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

Section 3626(a)(1)(A) applies to punitive damages because "prospective relief" is defined under the statute as "all relief other than compensatory monetary damages." 18 U.S.C. §3626(g)(7) (2024). *See also Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002) (finding that the plain language of the definition provision is clear and that "punitive damages are prospective relief").

As a categorical matter, punitive damages cannot satisfy the strict requirements of section 3626(a)(1)(A). First, punitive damages are never necessary to correct a violation of a Federal right. This is because "correction" of violation is accomplished through compensatory damages and punitive damages are, by their nature, never corrective:

> Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes. The former are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct. The latter, which have been described as "quasi-criminal," operate as "private fines" intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation.

*Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001)

(cleaned up).

Second, even if an award of punitive damages could be thought reasonably "necessary" to correct a legal violation, such an award could not satisfy the additional, stringent limitations imposed by the PLRA—i.e., the requirements that the relief be "*narrowly drawn*," "extend[] *no further than necessary* to correct the violation of the Federal right," and be "*the least intrusive means necessary* to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A) (emphases added). *See United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019) (explaining that it is a "cardinal rule" of statutory interpretation that courts try to give "effect… to every clause… of a statute") (citation and internal quotation marks omitted)). Even if deterring future violations is conceptualized as one way of correcting a violation, punitive damages are never the "narrow[est]" or "least intrusive" way of effectuating such a correction. As the Supreme Court has explained, "[d]eterrence is… an important purpose of" the tort system created by section 1983, but such deterrence primarily "operates through the mechanism of damages that are compensatory— damages grounded in determinations of plaintiffs' actual losses." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (emphasis in original). Similarly, the Supreme Court has made "clear" that "nominal damages," not punitive damages, "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Id.* at 308 n.11. Even assuming punitive damages are also

an "appropriate" means of vindicating such rights, they are not less burdensome, more narrowly tailored, or less intrusive than nominal damages.

Although the Eleventh Circuit held in *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021), that "[42 U.S.C.] §1997e(e) permits claims for punitive damages without a physical injury requirement," it expressly declined to consider whether section 3626 bars punitive damages. *Id.* at 1364 fn. 5. Because the Court did not consider the argument presented here, *Hoever* is not controlling on the issue. Moreover, in *Johnson v. Breeden*, 280 F.3d 1308, 1325-26 (11th Cir. 2002), the Eleventh Circuit interpreted section 3626(a)(1)(A) in a manner that indicates that it does not bar punitive damages.[1] However, the argument that section 3626 categorically bars punitive damages was not discussed, let alone rejected, in *Johnson*. Therefore, *Johnson* is not dispositive on the issue.[2] *See United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by

---

[1] Specifically, the Court stated that section 3626's requirements "mean that a punitive damages award must be no larger than reasonably necessary <u>to deter</u> the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve <u>that deterrent function</u> and that they are the least intrusive way of doing so." 280 F.3d at 1325 (emphases added). It further stated that "[m]any factors may enter into that determination. For example, the number of… violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required <u>to deter</u> future violations." *Id.* (emphasis added).

[2] To the extent that this Court is bound by *Johnson*, the argument that section 3626 bars punitive damages is presented here to preserve the issue for appellate review.

counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered."); *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The Circuit Courts apparently have yet to directly address whether punitive damages are barred by section 3626. *See e.g.*, *Hoever*, 993 F.3d at 1364 n.5 ("We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the *en banc* briefing question posed to the parties.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("Since we find that § 1997e(e) prevents Al–Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or timeliness of Defendants' alternative argument that 18 U.S.C. § 3626 prohibits punitive damage recovery as well."), *overruled by Hoever*, 993 F.3d at 1363-64; *Vaughn v. Cambria Cnty. Prison*, 709 Fed. Appx. 152, 155 n.2 (3d Cir. 2017) ("The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A). … We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found.") (citation omitted); *Wilkerson v. Stalder*, 329 F.3d 431, 434 n.3 (5th Cir.

2003) ("The district court chose to defer ruling on the prison officials' claim that the Prison Litigation Reform Act bars the inmates' claim for punitive damages until such time as liability is found. Therefore, this issue is not properly before the court on appeal.") (citation omitted). Because of the apparent absence of Circuit precedent directly addressing this argument, Defendants rely on the plain meaning of the text of section 3626.

Punitive damages are never "necessary to correct the violation of" a Federal right because, "[i]n the strictest sense of the term, something is 'necessary' only if it is essential." *Ayestas v. Davis*, 584 U.S. 28, 44 (2018) (citing Webster's Third New International Dictionary 1510 (1993); 10 Oxford English Dictionary 275–276 (2d ed. 1989)). *See also Necessary*, Black's Law Dictionary (11th ed. 2019) (defining necessary to mean "essential"). And the text and context of section 3626(a) indicate that Congress intended to use the term "necessary" in the strict sense of that word. Unlike the "necessary and proper clause" of Article I, Section 8, for example, section 3626 uses the term "necessary" in the context of a "strict limitation[]," not a broad authorization. *See Johnson*, 280 F.3d at 1323. Similarly, the immediately surrounding text provides that relief is barred unless it is "narrowly drawn," "extends no further than necessary to correct the violation of the Federal right," and is "the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. §3626(a)(1).

Punitive damages, however, are not even an appropriate mechanism for "correcting" a legal violation; to the extent that damages serve a "corrective" function, that is what compensatory damages are for. By definition, "compensatory damages" are "[d]amages <u>sufficient</u> in amount to indemnify the injured person for the loss suffered." *Damages*, Black's Law Dictionary (11th ed. 2019) (emphasis added). Accordingly, punitive damages are not even intended to "correct" a legal violation by making the injured party whole; still less are they an "essential" way of making the plaintiff whole.

Consistent with dictionary definitions, caselaw recognizes that punitive damages awards serve two purposes, "punishing unlawful conduct and deterring its repetition." *State Farm Mut. Auto Ins. Co v. Campbell*, 538 U.S. 408, 416 (2003) (quotation omitted). Neither of those purposes makes punitive damages "necessary to correct" a violation of Federal law. By definition, one may "correct" a violation of law without "penalizing" past misconduct or "deterring" potential future violations. Ordinary English usage confirms that proposition. For example, one does not "correct" a future error before it happens; one seeks to deter it—i.e., to prevent it from happening in the first place. Likewise, punishment is not strictly necessary to remedy a wrong; instead, punishment serves other goals, like deterrence or retribution. *Cf. Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1642 (2017) (distinguishing

between remedies that are penalties, i.e. those that seek to punish, and those that seek to "compensate[e] a victim for his loss").

Moreover, reading section 3626 to categorically bar punitive damages does not prevent the court from fully remediating ongoing violations. In many civil actions with respect to prison conditions, a plaintiff alleges that his federal rights are being violated on an ongoing basis. In those cases, prospective relief may be warranted—for example, in the form of declaratory or injunctive relief that requires prison officials to "correct" their violation by bringing their conduct into conformity with the law. As this Court has explained, albeit in the context of interpreting section 1997e(e), such relief provides a "reasonably adequate opportunity" to seek redress for constitutional violations," even if prisoners "may not recover monetary damages for such claims." *Al-Amin*, 637 F.3d at 1197 (quotation marks and citation omitted).

What is more, to clear the high bar of the PLRA, relief other than compensatory monetary damages must extend "no further than necessary to correct the violation of the Federal right of [the] particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1) (emphasis added). Punitive damages awards aimed at protecting inmates generally (e.g., through deterrence), rather than correcting the violations suffered by the particular plaintiff bringing the suit, are thus prohibited. Moreover, not only must punitive damage awards be plaintiff-specific, they must be defendant-specific. Section 3626(a)(1) requires that they be "narrowly drawn," which means

11

that any deterrent must be aimed at deterring the particular defendant, not the correctional facility or government in general.

Because this Court cannot find that punitive damages are necessary to correct a violation of Plaintiff's rights or are the least intrusive means necessary to do so, punitive damages are barred by section 3626(a)(1)(A). Therefore, Plaintiff's request for punitive damages must be dismissed.

## III. Plaintiff's request for $75,000 in punitive damages per Defendant is excessive and should be reduced.

In the United States, courts have recognized that punitive damages are intended for retribution of misconduct and to deter future misconduct. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 415 (2003). When a punitive damages award can be fairly categorized as "grossly excessive" in relation to the interests of retribution and deterrence, such an award would violate the Due Process Clause of the Fourteenth Amendment. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568 (1996). To the extent that a punitive damages award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property. *Campbell*, 538 U.S. at 417. Based on the concerns expressed, the Supreme Court has instructed that courts must consider three guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil

penalties authorized or imposed in comparable cases." *Campbell*, 538 U.S. at 418;

*Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1282 (11th Cir. 2008);

*Sepulveda v. Burnside*, 432 Fed. App'x 860, 864-65 (11th Cir. 2011).

A. *Degree of Reprehensibility.*

"[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *Campbell*, 538 U.S. at 419 (citing *Gore*, 517 U.S. at 575). In determining the reprehensibility of a defendant's conduct, the Supreme Court has instructed that courts must consider whether:

> the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malic, trickery, deceit, or mere accident.

*Campbell*, 538 U.S. at 419; *Sepulveda*, 432 Fed. App'x at 865. The existence of any one of the stated factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect. *Campbell*, 538 U.S. at 419.

Prior to the application of the factors described by the Court, it is extremely important to note that "[a] State cannot punish a defendant for conduct that may have been lawful where it occurred." *Campbell*, 538 U.S. at 421 (citing to a series of cases to support the proposition). As described above in this Motion, the actions alleged

to be taken by Defendant do not rise to the level of a violation of any law. There simply is no reprehensible conduct which would need to be punished or deterred on the part of Defendant, making punitive damages inappropriate.

Turning to the factors enumerated by the Supreme Court, Defendant clearly prevail over Plaintiff. Plaintiff has suffered neither physical nor economic harm because of the allegations presented by Plaintiff. At most, Plaintiff would possibly be entitled to a recognition that his constitutional rights were violated through the award of nominal damages.

Further, there clearly is no reckless disregard of the health or safety of others. Plaintiff's allegations relate to his transfer to a different prison and an alleged bar of his return to the original prison. *See* (Doc. 86 *generally*). There simply is not a single allegation which would demonstrate a disregard to Plaintiff of anyone else's health or safety.

Plaintiff is currently incarcerated within the Florida Department of Corrections, and as a result may have "financial vulnerability." However, there are no allegations in Plaintiff's operative complaint related to this factor and it is unclear whether Plaintiff would meet this factor due to his incarceration ensuring that he currently has no financial responsibilities. Plaintiff's "financial vulnerability" is disputable at best.

14

The conduct alleged by Plaintiff amounts to a single incident related to his transfer to a new correctional institution. Plaintiff does not provide any allegation of repeated actions by Defendants making this factor also weigh in favor of Defendants.

Finally, though Plaintiff alleges, in a conclusory manner, that the transfer by Defendants was retaliatory in nature, there is no indication that any arguable harm was the result of "intentional malice, trickery, or deceit." Rather, it appears that the actions taken by Defendants was the result of discretionary functions to fulfill requests by Plaintiff.

B. *Ratio of harm to punitive damages.*

The Supreme Court has required that punitive damages must bear a reasonable relationship to compensatory damages. *Gore*, 517 U.S. at 580. However, there is no "mathematical bright line between the constitutionally acceptable and the constitutionally acceptable" amount of punitive damages in each case. *Id.* at 582 (citing *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 458 (1993)). Though there is no bright line test, the Supreme Court has provided some guidance on acceptable ratios.

In *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990), the Court indicated that a punitive damages award of "more than 4 times the amount of compensatory damages" might be "close to the line," it did not "cross the line into the area of constitutional impropriety." Further, in *Gore*, the Court expressed concerns that a

ratio of punitive to compensatory damages in the value of 500 to 1 "must surely 'raise a judicial eyebrow.'" *Gore*, 517 U.S. at 582. Realistically, the Supreme Court believes that its "jurisprudence and the principles it has now established demonstrate . . . that, in practice, few awards exceeding a single-digit ratio between punitive damages and compensatory damages, to a significant degree, will satisfy due process." *Campbell*, 538 U.S. at 425. Furthermore, the 11th Circuit has previously provided a list of cases in which punitive damages were upheld and denied by both the United States Supreme Court and the 11th Circuit. *See Sepulveda*, 432 Fed. App'x at 866.

Based on the caselaw relating to punitive damages, Plaintiff's request for "punitive damages in the amount of seventy-five thousand dollars ($75,000)" per Defendant violates the United States Constitution. Plaintiff correctly recognizes, that as compensation for the alleged violation of his constitutional rights, he is only entitled to nominal damages. (Doc. 86 at 14). As discussed above, nominal damages are generally limited to one dollar ($1) in recovery. *See* Section I, *supra*. Plaintiff's request for punitive damages is seventy-five thousand times greater than the compensation he would otherwise be entitled to and several magnitudes greater than merely "rais[ing] a judicial eyebrow." *Gore*, 517 U.S. at 582. The amount requested clearly goes above and beyond retribution and deterrence and squarely into the realm of grossly excessive.

16

C. *Comparable Civil and Criminal Penalties for Similar Misconduct.*

The final guidepost described by the Court relates to "the disparity between the punitive damages award and the 'civil penalties authorized or imposed in comparable cases.'" *Campbell*, 538 U.S. at 428 (quoting *Gore*, 517 at 582). Further, the existence of a criminal penalty does have bearing on the seriousness with which a State views the wrongful action. *Campbell*, 583 at 428. This guidepost is easily addressed based on the idea that there does not appear to be any comparable civil or criminal penalty under Federal or State law. Plaintiff has not stated a cause of action which would entitle him to relief. Additionally, there is no comparable claim under State law which would entitle Plaintiff to relief. Plaintiff simply does not have a cause of action under either the State or Federal system.

## CONCLUSION

**WHEREFORE**, Defendants request that this Court grant Defendant's *Motion in Limine* and exclude or limit the testimony as requested.

17

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I certify that the above Motion and memorandum totals **3,922** words and does

not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing *Defendant's Second Motion in Limine* was electronically filed with the Clerk of Court using CM/ECF on July 26, 2024, and furnished by U. S. Mail to:  Nathaniel R. Brazill, DOC# W16443, Wakulla Correctional Institution, Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327-4963, on July 26, 2024.

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829