# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIEL R. BRAZILL,

    **Plaintiff**,

v.                                                Case No. 5:21cv99-TKW-MJF

JONATHAN C. JONES,

    **Defendant**.
_____/

## ORDER ON MOTIONS IN LIMINE

This case is before the Court based on the parties' motions in limine (Docs. 135, 139, 140). Upon due consideration of the motions, the responses (Docs. 147, 150), and the argument presented by the parties at the pretrial conference, it is

**ORDERED** that:

1. Plaintiff's motion in limine (Doc. 135) is **GRANTED**, and Defendant may not present the testimony of Wes Kirkland and Michael Harrell regarding the FDOC uniform policy because that testimony goes to the merit of Plaintiff's grievances rather than the issue of whether Defendant retaliated against Plaintiff for making those grievances irrespective of their merit. Additionally, as discussed at the pretrial conference, Plaintiff may not present evidence or argument on the merits of his grievances about the uniform policy at Graceville Work Camp being inconsistent with FDOC policy because the merits of his grievances are immaterial

to the issues in this case and if that testimony were to come in, the testimony of Kirkland and Harrell would likely then be admissible.

2. Defendant's first motion in limine (Doc. 139) is **GRANTED**, and Plaintiff may not present the testimony of Angela Gordon and Richard Comerford at trial because any probative value of their expected testimony is outweighed by the time that it would waste and the confusion of the issues that it would cause. *See* Fed. R. Evid. 403.

3. Defendant's second motion in limine (Doc. 140) is:

   a. **DEFERRED until the charge conference** with respect to the issue of nominal damages; and

   b. **DENIED without prejudice** with respect to the issue of punitive damages because:

      i. a motion in limine cannot be used to obtain substantive rulings on issues in a case, *see, e.g.*, *Peterson v. Corr. Corp. of Am.*, 2015 WL 5672026, at *2 (N.D. Fla. Sept. 25, 2015) (denying a motion in limine that sought to exclude a claim for punitive damages because the motion was effectively a procedurally improper motion for summary judgment); *Variable Annuity Life Ins. Co. v. Laeng*, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013) ("A motion in limine is not the proper vehicle to resolve substantive

issues, to test issues of law, or to address or narrow the issues to be tried."); and

    ii. it is premature to determine whether punitive damages are excessive before they are awarded.

4. These rulings are without prejudice to a party seeking to admit excluded evidence if the other party "opens the door" to its admission, but the party seeking to admit the evidence shall raise the issue with the Court at sidebar before seeking to admit the evidence.

**DONE and ORDERED** this 9th day of August, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**