UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                  Case No. 5:23-cv-183-TKW/MJF

SGT. MCKINNEY and JANE DOE,

    Defendants.
    _____/

## ORDER

Defendants seek leave to file a motion for judgment on the pleadings to assert their argument that an award of punitive damages is barred by 18 U.S.C. § 3626(a)(1)(A).

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Upon review of Defendants' motion, this court concludes that they have not shown good cause to file a motion for judgment on the pleadings.

First, any such motion would be futile. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Samara v.*

*Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). The District Court and other district courts have repeatedly rejected Defendant's argument that punitive damages are categorically barred by Section 3626(a)(1)(A). *Chambers v. Butler*, No. 3:23-cv-10285-TKW-ZCB, 2024 WL 4753306, at *1 (N.D. Fla. Nov. 12, 2024); *Harris v. Singletary*, No. 3:22-cv-449-MMH-LLL, 2024 WL 3252797, at *14 (M.D. Fla. July 1, 2024); *Blake v. Ortega*, No. 3:23-cv-8554-LC-HTC, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), *adopted by,* 2024 WL 1996014 (N.D. Fla. May 6, 2024); *see also Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015) (clarifying the framework for awarding punitive damages under 18 U.S.C. § 3626 in prisoner civil rights action).

Second, Defendants raised this defense in their answer, *see* Doc. 25 at 5, and can raise this issue at trial and in post-trial motions. *See Johnson*, 280 F.3d at 1325 (reviewing the district court's denial of the defendants' motion for judgment as a matter of law, or, in the alternative for a new trial which challenged the award of punitive damages) *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395

(2015). Accordingly, it is **ORDERED** that Defendant's motion is **DENIED.**

    **SO ORDERED** on March 17, 2025.

                                          /s/ *Michael J. Frank*
                                          **Michael J. Frank**
                                          **United States Magistrate Judge**