UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

MICHELLE McKINNIE, et al.,

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**UNOPPOSED TIME SENSITIVE MOTION TO REOPEN DISCOVERY FOR 60 DAYS TO SERVE LIMITED DISCOVERY ON DEFENDANT GREEN**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff files this unopposed motion to modify the Case Management Order (ECF 27) to extend the discovery deadline and all related deadlines by 60 days, and would show:

This is a lawsuit originally filed by Inmate Devon Currie *pro se*, concerning alleged violations of the Eighth Amendment, among other claims. Attorney James Cook appeared for Plaintiff on June 7, 2024, and Attorney Josh Tarjan appeared as co-counsel on June 14, 2024. The Parties exchanged substantial discovery, including a Rule 45 Subpoena to the Florida Department of Corrections (FDC) and interviews of witnesses. In June and July of 2024, Plaintiff served written demands for discovery on the identified Defendant, Michelle McKinnie. In the course of that initial discovery, it was discovered that the corrections officer on duty in Dorm P, initially referred to as "Jane Doe," was Delisia Green. On August 9, Plaintiff moved to amend/correct the Amended Complaint filed by Plaintiff pro se, adding, *inter alia*, the proper name of the "Jane Doe" defendant. Defendant McKinnie opposed the amendment but the Court

1

granted, in part, the Motion to Amend on September 20, 2024. Plaintiff filed a Second Amended Complaint on September 24, 2024.

The discovery period was extended to November 4, 2024. (ECF 42). But Delisia Green no longer worked with the Florida Department of Corrections and Plaintiff was not able to find and serve her prior to the end of discovery. After skip trace research and two process servers, Plaintiff was finally able to serve Green January 2, 2025.

Although summary judgment has been fully briefed as to the first-named Defendant, Michelle McKinnie, Plaintiff has not had an opportunity to seek discovery from Defendant Delisia Green as the second officer conducting master roster count between the two episodes of violence in which Plaintiff received life-threatening injuries. Green played a critical role in the chain of events on which this matter is based. Additional discovery is needed in order to resolve the case on the merits.

Plaintiff seeks to propound one round of paper discovery to Defendant Green, a supplemental Fed.R.Civ.P. 45 subpoena, and after the paper discovery is completed, a maximum of three depositions, including the deposition of Defendant Green.

## MEMORANDUM OF LAW

Under Fed.R.Civ.P. 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Plaintiff has acted diligently.

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997). Plaintiff seeks to reopen discovery for an additional 60 days to complete limited discovery on Defendant Green, including discovery under Fed.R.Civ.P. 30, 33, 34, 36, and 45. Plaintiff has been diligent, moves for an extension in good faith and not for purposes of delay. Defendants do not object to the motion. Trial has not been set in this matter.

WHEREFORE, Plaintiff moves for discovery to be reopened for 60 days for the purpose of requesting additional discovery relating to Defendant Green.

Respectfully Submitted on 3/24/25,   s/James V. Cook
James V. Cook, Esq. (FBN 966843)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

/s/ Joshua Tarjan
Joshua Tarjan, Esq. (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
josh@tarjanlawfirm.com

Attorneys for Plaintiff