**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DEVON CURRIE
DOC# A51859,**

     **Plaintiff,**

**v.**                         **Case No.: 5:23-cv-183-TKW/MJF**

**MCKINNEY, ET AL.,**

     **Defendants.**
_____/

## DEFENDANTS' OBJECTIONS TO ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS

**McKinnie** and **Green**, ("Defendants" or individually by name), hereby objects to the Honorable Magistrate Judge's March 17, 2025, Order Denying Defendants' Motion for Leave to File Motion for Judgment on the Pleadings ("Order") (Doc. 110)[1] on the following grounds:

## RELEVANT BACKGROUND TO MOTION

On February 13, 2024, this Court issued a service order of Plaintiff's Amended Complaint. (Doc. 16). Within the service order, this Court indicated that

> The parties shall not file pretrial motions that seek to dismiss or preclude a particular remedy for relief – such as punitive damages. The parties may move for limitations on particular remedies and recovery after the District Court has adjudicated all dispositive

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

motions.

(Doc. 16 at ¶ 8). *See also* (Doc. 68 at ¶ 9). In response to the Amended Complaint, Defendant McKinnie filed an Answer.[2] (Doc. 25).

Later, on August 9, 2024, Plaintiff filed a Motion for Leave his complaint, (Doc. 41), which was opposed by McKinnie, but was ultimately granted in part. (Docs. 43, 51). One of the purposes of the Second Amended Complaint was to identify Defendant Green as a defendant in this case. *See* (Doc. 52 at 2).

Based on the acceptance of the Second Amended Complaint, McKinnie filed a Motion to Dismiss the operative complaint in part. (Doc. 58). One of the arguments presented was that Plaintiff was not entitled to punitive damages a matter of law.[3] *Id*. at 12-19. McKinnie's Motion to Dismiss remains outstanding.

October 23, 2024, based on the acceptance of the Second Amended Complaint being the operative complaint, this Court issued a Scheduling Order relating to the service of Green and unserved defendant Patterson. (Doc. 68). The second service Order contained identical language to the previous service Order. *Id*. at ¶ 9. This Court was unsuccessful in serving either defendant. *See* (Docs. 70, 71).

---

[2] Defendant Green was not yet served at this point.

[3] This argument was presented because undersigned counsel overlooked the previously-entered service Order. As will be discussed, the violation of the outstanding service Order has already been rectified. *See* (Doc. 105).

However, Plaintiff's counsel then took it upon himself to attempt to serve Green. *See* (Doc. 74). Eventually, Green was served on January 2, 2025. (Doc. 84).[4]

On December 11, 2024, Defendant McKinnie filed her Motion for Summary Judgment. (Doc. 78). Within her motion, Defendant McKinnie renewed the previous argument related to punitive damages. *Id*. at 32.

On February 6, 2025, Green filed a Motion to Dismiss the operative complaint in part. (Doc. 103). Green's Motion to Dismiss was identical to the one which remains outstanding and was filed by McKinnie. *See Id*.

However, on the same date that Green's Motion to Dismiss was filed, this Court struck her Motion to Dismiss as it violated its previous service Orders. *See* (Doc. 104). Based on this Court's action, Defendants also withdrew their previous argument related to punitive damages in the Motion to Dismiss and Motion for Summary Judgment filed by McKinnie. (Doc. 105). Green also filed her Motion to Dismiss without the argument relating to punitive damages. (Doc. 106).

On February 11, 2025, Defendants filed their Motion for Leave to file a Motion for Judgment on the Pleadings ("Motion for Leave") solely relating to the

---

[4] Defendant Patterson remains unserved, and Plaintiff does not appear to have taken any additional steps towards service of her.

issue of punitive damages.[5] (Doc. 108). On March 17, 2025, this Court issued its Order denying Defendants' Motion for Leave. (Doc. 110).

Based on this Court's denial of Defendants' Motion, these Objections follow.

**OBJECTIONS**

1.    Defendants object to this Court's ruling that Defendants' Motion for Leave to file a Motion for Judgment on the Pleadings solely related to the issue of punitive damages should be denied.

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS**

Defendants Object to this Court's Order which denies their Motion for Leave. Defendants believe that the Order is clearly erroneous or contrary to law. Defendants explain their position further below.

**I.    Standard of Review for Defendants' Objections.**

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed.

---

[5] Within their Motion, Defendants indicated Plaintiff's position is that they do not believe a motion for leave to file a motion for judgment on the pleadings is necessary and appeared to oppose the motion, after speaking with Plaintiff's counsel. (Doc. 108 at 7). Plaintiff did not file a Response to Defendants' motion prior to this Court's Order.

R. Civ. P. 72(a). After an Order is issued, the parties have 14 days to object to the Order, and failure to object waives any objections. *Id*.

The standard for reviewing such Orders is clearly erroneous or contrary to law. *Id*. *See also* 28 USC § 636(b)(1) (2024). A finding is clearly erroneous is "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 11515, 152 (11th Cir. 1997). The definition of "contrary to law" has not been defined by the 11th Circuit, but courts have generally found that an "order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedures." *Jakab v. Arch Specialty Insurance Company*, 2024 WL 3100133, *1 (S.D. Fla. 2024).

## II. The Order denying the Motion for Leave is clearly erroneous or contrary to law.

This Court's Order found that Defendants' Motion for Leave to file a Motion for Judgment on the Pleadings should be denied because the Motion for Judgment on the Pleadings would be futile and that the issue could still be raised at trial or during post-trial motions. (Doc. 110 at 1-3). Defendants believe that this Court's determination is clearly erroneous or contrary to law.

First, Defendants disagree that the Motion is futile. In support of the finding that it would be futile to file a Motion for Judgment on the Pleadings, this Corut referenced several cases which have already disagreed with the argument in other

cases. *See* (Doc. 110 at 1-2). Defendants acknowledge that there are several courts that have disagreed with their argument related to punitive damages being unavailable under the Prison Litigation Reform Act. However, none of the cases cited is binding authority on this Court. There is no binding precedent that Defendants are aware of which forecloses their argument, and the Order does not cite to a case which finds that the issue is settled. Previously, at least one court, when this argument was presented at trial in *Hamze v. Settlemires, et al.*, 3:22-cv-4978 (N.D. Fla. 2023), suggested that the issue of the availability of punitive damages is possibly an open question.

The argument presented by Defendants is intended to preserve the issue of whether punitive damages should even be presented at trial for potential review in the 11th Circuit. If Defendants are correct, and punitive damages are not available under the PLRA, there should no evidence presented during the trial related to the issue. As the issue of punitive damages is a purely legal question that is based on an analysis of the language included in 18 U.S.C. § 3626 (2025), Defendants believe they should be given an opportunity to present the argument on a Motion for Judgment on the Pleadings for potential preservation in the 11th Circuit, if this Court ultimately were to deny the proposed Motion for Judgment on the Pleadings.

Currently, there is no method for Defendants to get a pre-trial ruling on the availability of punitive damages at trial. The Service Order in this case precludes

the argument. *See* (Docs. 16 at ¶ 8; 68 at ¶ 9). This Court even went so far as to strike the argument when presented in a Motion to Dismiss due to violation of the Service Orders. *See* (Doc. 104).[6] A previous decision in this Court foreclosed the argument during Motions in *Limine*. *See* (Docs. 108-1, 108-2). The denial of the Motion for Leave means that Defendants have been entirely foreclosed from arguing the issue prior to trial.

Second, though this Court's Order is correct that Defendants can present the issue at trial and during post-trial motions, *see* (Doc. 110 at 2-3), both situations are too late. In the case of both situations, evidence should have already been presented about the need for punitive damages and argument should be made relating to the request. It is Defendants' position that no evidence or argument should be made about the issue during trial based on the plain language of the statute. There is no other mechanism for Defendants to present their argument before this Court than to raise the issue in a substantive motion, but so far, Defendants have been precluded from doing so.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court vacate the Order to the extent that it denies Defendants' Motion for Leave and allow

---

[6] The striking of Defendants' Motion caused Defendants to necessarily withdraw the argument from an already-outstanding Motion to Dismiss and Motion for Summary Judgment due to the unintentional violation of the Service Orders. *See* (Doc. 105).

Defendants to file a Motion for Judgment on the Pleadings solely relating to the issue of the availability of punitive damages.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendant's Objections to Order Denying Motion for Leave to File Motion for Judgment on the Pleadings* was e-filed and served electronically through CM/ECF on Plaintiff's counsel of record on March 27, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com