UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

vs.

MICHELLE MCKINNIE, *et al.*

    Defendants.

Case No. 5:23-cv-00183-TKW/MJF

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS
TO ORDER DENYING MOTION FOR LEAVE TO FILE
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 114)**

Plaintiff responds to Defendants' Objections to Order Denying Motion for Leave to File Motion for Judgment on the Pleadings (Doc. 114), and states:

## Procedural History

1. On February 11, 2025 Defendants filed a Motion for Leave to File Motion for Judgment on the Pleadings ("Motion"), to dismiss Plaintiff's request for punitive damages. (Doc. 108).

2. On March 17, the Court (J. Frank) denied their Motion. (Doc. 110).

3. On March 27, Defendants filed their Objections to Order Denying Motion for Leave to File Motion for Judgment on the Pleadings. (Doc. 114).

4. Plaintiff now files his response objecting to the objection.

## Memorandum of Law

**I. The Court should sustain its order denying Defendants' motion for leave to file a motion for Judgment on the Pleadings, as such a motion would be futile.**

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022).

In moving for leave to file a motion for Judgment on the Pleadings to dismiss Plaintiff's request for punitive damages, Defendants seek a judgment as a matter of law proscribing punitive damages. The problem for the Defendants here is that no such categorical, definitive, dispositive proscription exists. To the contrary, and as Judge Frank opined in his Order, "courts have repeatedly rejected Defendant's argument that punitive damages are categorically barred by Section 3626(a)(1)(A)." (Doc. 110 at 2). See also Plaintiff's arguments in his Response to Defendant McKinnie's Motion to Dismiss (Doc. 64 at 9-11) and Response to McKinnie's Motion for Summary Judgement (Doc. 92 at 36-39), which Plaintiff herein incorporates by reference, on the issue of punitive damages.[1]

---

[1] Although Judge Frank had prohibited raising the issue of punitive damages in a pre-trial motion, Defendant McKinnie contested punitive damages in her Motion to Dismiss and Motion for Summary Judgment (Docs. 58, 78), to which the Plaintiff duly responded (Docs. 64, 92).

2

Because the law is simply not on the Defendants' side—and Defendants admit there is no caselaw that supports their position (Doc. 114, fn. 3 at 3)—Plaintiff's concur with the Court's reasoning that the motion for leave would be futile.

II. **The Court's denial of Defendants' motion will not preclude Defendants from litigating this matter at trial, and appealing an adverse decision.**

As Judge Frank opined in his Order (Doc. 110), Defendants have raised the punitive damages issue in their Answer and can raise the issue at trial—which they can ultimately appeal.

It should be noted that counsel in this case (J. Tarjan) litigated this same issue in *Hamze v. Settlemires* (3:22-cv-04978), before the same Court (J. Wetherell) and the same defense counsel (E. Kverne), when the matter of punitive damages was raised in the context of jury instructions. At the Final Pretrial Conference, the parties were instructed to brief the Court. (*Hamze*, Doc. 96). The parties did so. (*See Hamze*, Docs. 101, 102). The Court ultimately ruled against Defendants on the issue of punitive damages, and punitive damages were included in the jury instructions.

Just as the Defendants in *Hamze* had an opportunity to litigate punitive damages, so too will they have an opportunity here, should they so choose. In denying Defendants' Motion for leave, contrary to Defendants' fear (*see*

3

Doc. 108 at 3), the Court does not foreclose their ability to litigate and appeal this issue.

## Conclusion

For the foregoing reasons, Plaintiff moves the Court to sustain its denial of Defendants' request for leave.

Respectfully submitted on April 11, 2025,

>  */s/ James V. Cook*
>  JAMES V. COOK, ESQ.
>  Florida Bar Number 966843
>  Law Office of James Cook
>  314 West Jefferson Street
>  Tallahassee, FL 32301
>  (850) 222-8080; 561-0836 fax
>  cookjv@gmail.com
>
>  */s/ Joshua Tarjan*
>  Joshua Tarjan (FBN 107092)
>  THE TARJAN LAW FIRM P.A.
>  12372 SW 82 Avenue
>  Pinecrest, FL 33156
>  (305) 423-8747
>  (323) 243-3186 (cell)
>  (786) 842-4430 (fax)
>  josh@tarjanlawfirm.com
>
>  *Co-counsel for Plaintiff*

**CERTIFICATION PURSUANT TO L.R. 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 572 words, inclusive of headings, footnotes, and

4

quotations, but exclusive of the case style, signature block and certificates.

*/s/ Joshua Tarjan*