UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                                                               Case No. 5:23cv183-TKW-MJF

SGT. MCKINNEY and
JANE DOE,

    Defendants.
_____/

# **ORDER**

Defendants sought leave to file a motion for judgment on the pleadings on the issue of punitive damages. *See* Doc. 108. The magistrate judge denied the motion, *see* Doc. 110, and Defendants timely filed an objection under Fed. R. Civ. P. 72(a), *see* Doc. 114. Plaintiff was given an opportunity to respond to the objection, which he did. *See* Doc. 117.

Under Rule 72(a), the Court has the authority to "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." This standard is "extremely deferential." *Clarke v. Healthsouth Corp.*, 2020 WL 7401609, at *1 (M.D. Fla. Aug. 21, 2020). "Clear error" is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Martello v. Prod. Quest Mfg., LLC*, 2014 WL

1

12625943, at *1 (M.D. Fla. May 30, 2014) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "A magistrate judge's order is contrary to law only 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013)).

Here, the Court sees no error (much less clear error) in the magistrate judge's decision to deny leave to file a motion for judgment on the pleadings—particularly since the issue that Defendants seek to raise in the motion has been repeatedly rejected by the undersigned and other judges in this District. Moreover, a motion for judgment on the pleadings is not needed to preserve the issue for appellate review because the issue was raised in Defendants' answer and it can be raised at trial in a Rule 50(a) motion and after trial in a Rule 50(b) motion if the jury awards punitive damages.

On the latter point, the Court did not overlook Defendants' argument that raising the issue at trial would be "too late" because no evidence about punitive damages should be presented at trial. However, the problem with this argument is that it is based on the flawed assumption that punitive damages are categorically precluded by the plain language of 18 U.S.C. §3626(a)(1)(A). The statute does not expressly say that, and unless and until the Eleventh Circuit construes the statute to

implicitly preclude an award of punitive damages, there is no reason not to allow relevant evidence about punitive damages at trial.

The Court understands from prior cases that Defendants' counsel believes that allowing punitive damages to remain in the case is prejudicial to settlement efforts and could inflame the jury, but it has been the Court's experience that once jurors learn how little correctional officers make (and how much less they take home) that they are disinclined to award punitive damages or large compensatory awards unless the officers' acts or omissions are particularly egregious. Thus, if anything, allowing a punitive damage claim to go to the jury likely works in Defendants' favor.

Accordingly, it is **ORDERED** that Defendants' objection (Doc. 114) is **OVERRULED**, and the magistrate judge's order (Doc. 110) denying Defendants' motion for leave to file a motion for judgment on the pleadings is **AFFIRMED**.

**DONE AND ORDERED** this 14th day of April, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**