UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVON CURRIE,

    Plaintiff,

v.                                   Case No. 5:23-cv-183-TKW-MJF

MICHELLE MCKINNIE, *et al.*,

    Defendants.

_____/

**ORDER SETTING SETTLEMENT CONFERENCE**

    The District Court has referred this case to the undersigned for a settlement conference. This court will conduct the settlement conference on **February 12, 2026, at 9:30 AM Central Standard Time** at the Winston E. Arnow Federal Building, Courtroom Two, 100 North Palafox Street, Pensacola, Florida. The conference will end when settlement is reached or when the undersigned concludes that further negotiation would not be fruitful.

    **Required Participants.** Each party must be represented—in person—by the following required participants: (1) counsel of record who is most familiar with the case; (2) the party and/or decisionmaker of the party, who must have full authority to act on behalf of the party,

including the authority to negotiate a resolution of the matter and to respond to developments during the settlement process; and (3) if the party is insured, a representative with full authority to make settlement decisions.

**"Full Authority" Defined.** "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement. It is not just settlement authority to make an offer or to accept an amount. These requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

**Mandatory Negotiations Prior to the Settlement Conference.** Settlement conferences often are unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Therefore, before the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of**

the court.

At a minimum, **on or before January 13, 2026, counsel for Defendants shall make an offer to Plaintiff.**

If Plaintiff does not accept Defendants' offer, **on or before January 20, 2026, Plaintiff shall make a counteroffer.**

**Communication with the Court if Settlement is Reached.** If the parties should arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the court by filing a joint notice of settlement.

**Confidential Settlement Statements.**

**On or before January 29, 2026**, each party shall provide to the office of the undersigned a confidential settlement statement.

Plaintiff and Defendant shall submit their respective confidential settlement statements to rohanvaidya@flnd.uscourts.gov. The parties **SHALL NOT** file their confidential settlement statements with the clerk of the court or serve it upon opposing counsel, as the statements will not become a part of the file of this case and will be for the exclusive use of the undersigned in preparing for and conducting the conference.

**Contents of the Confidential Settlement Statements**. Each confidential settlement statement shall contain:

(1) a brief description of all remaining claims and the law and defenses applicable thereto;

(2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) a brief description of the relief that may be afforded to the prevailing party at trial (*e.g.*, the nature and extent of damages, entitlement to attorney's fees);

(4) an estimate of attorney's fees and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counterproposals; and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not be lengthy, but they should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

**Draft Settlement Agreement Required.** On or before **January 29, 2026**, **counsel for Defendants** shall email to opposing counsel and rohanvaidya@flnd.uscourts.gov an editable, draft settlement agreement—with the amount to be paid by Defendant(s) left blank—and any other documents necessary to settle the case.

**Confidentiality of the Settlement Conference.** The settlement conference will be conducted so as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the District Court. Furthermore, after the settlement conference, the undersigned will have no further involvement with this case.

**SO ORDERED** on December 19, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**