IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEVON CURRIE**
**DOC# A51859,**

    **Plaintiff,**

v.    Case No.: 5:23-cv-183-TKW/MJF

**MCKINNIE, ET AL.,**

    **Defendants.**
_____/

# DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

    **McKinnie** and **Green** ("Defendants"), hereby answer **Devon Currie** ("Plaintiff") Second Amended Complaint, (Doc. 52)[1], as follows:

**I.    Jurisdiction and Venue** (Doc. 52 at 1).

1-3.    Admit.

4.    Admit for purposes of the first Cause of Action. Deny as to the second Cause of Action since it has been determined that Plaintiff failed to exhaust the allegation. *See* (Docs. 125, 133).

**II.    Parties** (52 at 1-2).

5-9.    Admit.[2]

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

**III.    Common Allegations of Fact** (*Id*. at 2-5).

10.   Admit.

11.   Deny.

12.   Admit that Patterson and Green participated in the count in P Dorm prior and during the incidents described in the complaint. Deny the remainder of Plaintiff's allegations.

13.   Admit that Plaintiff was in the bathroom. Deny the remainder of Plaintiff's allegations.

14.   Admit.

15.   Without knowledge.

16.   Admit that Plaintiff was approached by gang members and told to leave the bathroom and that a fight ensued when he refused. Deny the remainder of Plaintiff's allegations.

17-18. Deny.

19.   Admit.

20-23. Deny.

24.   Admit that no backup was called after the first incident because Defendants did not witness the first incident. Deny the remainder of Plaintiff's allegations.

---

[2] Defendant Patterson has been voluntarily dismissed from this case. *See* (Docs. 126, 128).

25-27.  Deny.

28. Admit that Plaintiff began to pack up his property. Deny the remainder of Plaintiff's allegations.

29. Admit that Defendant Green participated in Master Roster Count. Deny as to the timing described.

30. Deny.

31. Admit that inmates are required not to disrupt count. Deny the remainder of Plaintiff's allegations.

32-36.  Deny.

37. Admit that an officer must always remain in the officer station. Deny the remainder of Plaintiff's allegations.

38-42.  Deny.

43. Admit that Gaddis and Williams became involved in the second altercation. Deny the remainder of Plaintiff's allegations.

44. Admit that Gaddis was injured. Without knowledge as to the remainder of Plaintiff's allegations.

45. Admit that Williams was attacked and injured. Without knowledge as to the remainder of Plaintiff's allegations.

46. Admit.

47. Deny.

48. Admit that the second fight did alert Green and she acted reasonably in response to observing the second fight. Deny the remainder of Plaintiff's allegations.

49. Admit that Plaintiff was seriously injured because of the second attack. Deny the remainder of Plaintiff's allegations.

50. Admit that Plaintiff, Gaddis, and Williams were sent to the hospital and treated. Without knowledge as to the remainder of Plaintiff's allegations.

51. Admit that Plaintiff was taken to Tallahassee Memorial Hospital. Deny the remainder of Plaintiff's allegations.

52. Admit that Plaintiff was kept at the hospital for further observation. Deny the remainder of Plaintiff's allegations.

53. Admit that Gaddis and Williams were also treated at hospitals. Deny the remainder of Plaintiff's allegations.

**IV.   First Cause of Action** (*Id*. at 7-9).

54. Deny.

55. Admit.

56. Admit that Patterson and Green participated in the count in P Dorm prior and during the incidents described in the complaint. Deny the remainder of Plaintiff's allegations.

57. Admit that Green recognized that there may begin to be an issue unfolding and contacted staff that she may need assistance in the future. Deny the remainder of Plaintiff's allegations.

58-59. Admit that staff observed and recognized the second attack. Deny remainder of Plaintiff's allegations.

60. Admit that edged weapons were utilized during the second attack. Deny the remainder of Plaintiff's allegations.

61-67. Deny.

68. Admit.

69. Admit that Gaddis and Williams became involved in the fight. Without knowledge as to the remainder of Plaintiff's allegations.

70. Admit.

71-75. Deny.

V.  **Second Cause of Action** (*Id*. at 9-10).

76-81. This Cause of Action was dismissed based on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* (Docs. 125, 133).

VI. **Prayer for Relief** (*Id*. at 10).

A-E. Deny that Plaintiff is entitled to any relief whatsoever.

## VII. DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action against Defendants.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution, the Florida Constitution, or Florida or Federal statutory law.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury because of Defendants' actions.

5. Defendants are entitled to qualified immunity for their actions relative to the incident set forth in Plaintiff's Second Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and any action or inaction by Defendants as required for liability under 42 U.S.C. §1983.

7. The actions taken by Defendants about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

8. Defendants' actions do not rise to the level of intentional or criminally reckless behavior which would allow for Plaintiff to obtain relief.

9. Plaintiff cannot establish any violation or injury of his guaranteed rights.

10. The actions taken by Defendants regarding the incident were reasonable upon objective evaluation and not criminally reckless behavior that is disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

11. Plaintiff is not entitled to punitive damages under the Prison Litigation Reform Act.

## VIII. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses by adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## IX. DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Corrections Practice Manager – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Answer, Defenses, and Affirmative Defenses* was e-filed and served electronically on all counsel of record through CM/ECF on February 4, 2026.

/s/ Erik Kverne
Erik Kverne
Corrections Practice Manager – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com